## NATHANIEL AUSTIN *vs.* ABEL MOORE & others.

The statute of limitations, (Rev. Sts. *c.* 120, § 7,) does not bar an action by a sheriff, on his deputy's official bond conditioned to keep a true account of all writs and precepts which the deputy shall serve, with the fees which he shall receive, or which shall be due to him for serving the same, and to render such account to the sheriff, once in six months; although the action is brought twenty nine years after the making of the bond, and the sheriff assigns, as a breach of the condition, the neglect of the deputy, from the time of his appointment, to render any account. The sheriff is entitled, in such case, to recover for all breaches within twenty years next before action brought.

A deputy sheriff gave to the sheriff a bond conditioned to render an account of writs and processes served by him, with the fees for service, once in six months: In a suit on this bond, twenty nine years after its execution, it was proved that the sheriff omitted, for eleven years after his office terminated, to call upon the deputy for any account, and that there was no communication between them, on the subject of such account, although the sheriff was embarrassed in his pecuniary affairs during those eleven years, and was, while in office, desirous of obtaining from his deputies what was accruing to him, as fast as it was due, and sometimes received money from them in advance. *Held,* that this evidence would not warrant a jury in finding either payment, or accord and satisfaction, so as to bar the action on the bond.

The law does not prohibit sheriffs from receiving a share of the fees and emoluments of their deputy jailers, if the parties so agree.

When judgment is entered for a sheriff, pursuant to the Rev. Sts. *c.* 100, § 8, for the penal sum of a bond given to him by his deputy, conditioned to keep an account of all writs, &c., served by the deputy, and of the fees for serving them, and render such account to the sheriff, and pay him one fourth part of such fees, the plaintiff is not entitled to execution for the amount of such penal sum, nor for the amount of the *ad damnum* in his writ, merely because the defendant offers no evidence to show that a less sum is due and payable in equity and good conscience; but it is incumbent on the plaintiff to show how much of the penal sum is thus due and payable to him.

THIS was an action of debt, commenced in September 1842, on a bond, dated October 21st 1813, given to the plaintiff by the defendant Moore, as principal, and the other defendants, as sureties, in the penal sum of $30,000. The condition of the bond recited that said Moore had been appointed by the plaintiff, who was then sheriff of Middlesex, as his deputy, and stipulated that said Moore should faithfully perform all the duties and services of a deputy sheriff, according to law, and should not be guilty of any malfeasance, misfeasance, or nonfeasance in the same office; that he should indemnify and save harmless the plaintiff, his heirs, executors and administrators, from all damage, costs, or charges, to which he or they might ever be subjected, by reason of any malfeasance, &c., of

said Moore in said office of deputy sheriff; and should also keep a fair, just, and true account of all writs, executions, warrants and precepts whatsoever, which he should serve and execute, by virtue of said office, with the fees which he should receive for the same, or which might by law be due for said services; and should, once in six months, and oftener if thereunto required, render such account of the same to the plaintiff, or his legal representative, and pay over to the plaintiff, or his representative, one fourth part of such fees; and should do and perform all other acts, matters and things which by law he, in said office of deputy sheriff, ought to do and perform, without fraud, covin or delay.

Sundry breaches were assigned upon the record, and thereupon the defendants pleaded the general issue, and filed a specification of defence. Trial before *Shaw*, C. J., whose report of the case was as follows:

The questions proposed to be submitted to the jury were, whether there had been a breach of the condition of the bond, and if so, whether the action was barred by the statute of limitations, or by an accord and satisfaction.

The breach mainly relied on by the plaintiff was, that Moore had not kept an account of all writs and executions delivered to him for service, and by him executed, and of all fees which accrued thereon, and had not rendered such account to the plaintiff. The defendants relied on the statute of limitations, of twenty years, on the ground, that the cause of action must be considered as accruing at the time of the first breach of the bond, which was nearly thirty years before this action was brought. To establish the fact, the defendants relied on two grounds; *first*, that the plaintiff, in his assignment of breaches, alleged " that the said Moore did not keep, after the making of said writing obligatory, and during the time he was a deputy sheriff, as aforesaid, a fair, just and true account of all writs," &c., " with the fees," &c., " neither did he once in six months render such account of the same ; " and so, by the plaintiff's own showing, a breach was stated, more than twenty years before action brought ; and *secondly*, the defendants proposed

to offer proof that no such accounts were kept and rendered, and that the plaintiff knew it. Upon this point, it was ruled, that the bond was a continuing bond; that each successive failure to comply with the condition was a new breach and a new cause of action; that although the plaintiff might have sued and recovered judgment for breaches occurring more than twenty years before this action was brought, yet he was not bound so to do; and that the statute of limitations was no bar to an action on the bond, upon any breach alleged, and proved to have accrued within twenty years next before action brought, though the plaintiff had assigned breaches as well before as since a period of twenty years next before action brought, and though it should be proved that the plaintiff all the time knew of such breaches.

The plaintiff then moved the court to require the defendant Moore to produce and exhibit the register or account of all writs, executions and precepts committed to him, required by law to be kept, and stipulated for in the bond. Said Moore declined producing any such book, register or account, and averred that those which were kept were imperfect and defective; and he assigned, as a reason, that the parties did not rely on them, and made settlements without them.

It was then suggested by the court, that as one of the conditions of the bond was, that Moore should keep an account or register of his doings and fees, he was bound to produce it, on reasonable notice, for the use of the plaintiff, when necessary as evidence; and that his failure to do so would be *primâ facie* evidence that none was kept, and if unexplained and not accounted for, would be evidence of a breach of the condition of the bond.

The defendant Moore admitted, that during the latter part of the time he was in office, no such account was kept; and he undertook to prove a settlement of all accounts, after the relation of principal and deputy ceased in June 1831. It was thereupon ruled, that any agreement or compromise, amounting expressly, or by implication, to an accord or satisfaction, would be a good bar to the present action.

The defendants then offered evidence tending to show, that during the time Moore was acting as the plaintiff's deputy, he was also acting, under the appointment of the plaintiff, as keeper of the jail in Concord : That the plaintiff required him, improperly and illegally, to pay over to the plaintiff a part of the fees and emoluments accruing to Moore, as such keeper of the jail . That he paid to the plaintiff various sums, from time to time, down to 1829, and sometimes paid money to him in advance ; and the defendants contended, that if the various sums, thus required by the plaintiff to be paid to him, as a proportion of Moore's profits accruing from his office of jailer, were credited by the plaintiff, there would be a considerable balance due to Moore, and the plaintiff would be overpaid all that he claimed on the bond, as his proportion of the fees received by Moore as deputy sheriff. The defendants also offered proof that they all were reputed to be men of property and in good credit, during the whole time since Moore's office as deputy of the plaintiff ceased in June 1831, and would have been abundantly able to pay any balance due to the plaintiff.

The defendants also offered evidence to prove that the plaintiff's office, as sheriff, terminated at the same time with that of Moore, as deputy ; and that during the time since that, until about the time of the commencement of this action, the plaintiff had been embarrassed and in want of money, and that, whilst in office, he was generally desirous of obtaining what was accruing to him, from his deputies, as fast as it was due to him ; and that they sometimes paid him money in advance.

Upon this evidence, connected with the lapse of time, the defendants proposed to go to the jury to infer that the account had been settled and the balance paid, or that, by tacit consent, the parties agreed to consider their account settled, each relinquishing to the other all claims for any balance.

No evidence was offered of any actual settlement or adjustment, or that any communication was had between the parties, on the subject of their accounts, from June 1831 to the time, or about the time, when this action was brought ; or that the plaintiff, during that period, made any demand on Moore for

any account or payment; or that Moore, during that period or at any other time, made any demand on the plaintiff to repay any sum received by him as part of Moore's emoluments and profits as keeper of the jail, or ever required the plaintiff to credit the same in his account as deputy sheriff, or otherwise to account for the same; or that from the termination of his office, to about the time when this action was brought, he called on the plaintiff to pay over or account for any balance.

It was ruled, that the lapse of time, (a little over eleven years,) with the other evidence, was not competent evidence to warrant the jury in finding either payment, or accord and satisfaction, so as to bar an action on the bond, if a breach were otherwise established. Thereupon a verdict was taken for the plaintiff, subject to the opinion of the whole court upon the case and the points reserved.

If the rulings above stated were right, the cause is to be referred to an auditor, to report the amount due to the plaintiff, if any thing, subject to such orders and directions as the court may give; otherwise, the plaintiff is to become nonsuit, or a new trial is to be ordered, as the court may direct.

*E. R. Hoar,* for the defendants. 1. This action is barred by the statute of limitations. Rev. Sts. *c.* 120, § 7. The cause of action accrued upon the first breach of the condition of the bond, known to the plaintiff; and no new cause of action could afterwards arise. The plaintiff might have had judgment on the first breach, and might have had a new execution, on proof of new breaches. *Cooper* v. *Mowry,* 16 Mass. 7. *Austin* v. *Parker,* 13 Pick. 222. *Clark* v. *Swift,* 3 Met. 395. There can be only one judgment on a bond with a penalty; though it is otherwise on a covenant for several different acts. *Skinner's Co.* v. *Jones,* and *James* v. *Salter,* 3 Bing. N. R. 481, 544. 2 Leigh's Nisi Prius, 1277.

2. The jury, from the evidence, might have inferred a settlement between the parties, and a discharge of the bond, by accord and satisfaction, or otherwise. Eleven years' delay was wholly unexplained, and Moore had paid money to the plaintiff in advance. By *St.* 1795, *c.* 41, § 1, which prescribed the sums

to be received by sheriffs of their deputies, during the time Moore was the plaintiff's deputy, it was declared that no sheriff should " demand or receive from any of his deputies more than at the rate of 25 per cent. on the amount of fees for travel and service." There was no provision in that or any other statute, that a sheriff should have any part of the emoluments of the jailer. See *St.* 1830, *c.* 110, § 3. Rev. Sts. *c.* 14, § 89. What Moore paid the plaintiff on this account might therefore have been recovered back. *Dew* v. *Parsons,* 2 Barn. & Ald. 562.

*A. W. Austin,* for the plaintiff. The bond was a *continuing* security, and every breach of the condition was a ground of claim against the obligors. If a suit had been brought for the first breach, and judgment rendered for the penalty, no new suit on the bond could have been sustained. The plaintiff's remedy for subsequent breaches must, in that case, have been by *scire facias* on the judgment. But as this is the first suit, no breaches within twenty years from the time of action brought are within the statute of limitations. See *Henderson* v. *Hamilton,* 1 Hall, 314. *Potter* v. *Titcomb,* 7 Greenl. 319. *White* v. *Swain,* 3 Pick. 365.

A breach being found, the defendants are entitled, in equity, to a deduction from the amount of the penalty. But all equities are to be considered, and advantage cannot be taken of Moore's fraud. *Lawrence* v. *Parker,* 1 Mass. 198. *Sevey* v. *Blacklin,* 2 Mass. 542.

No adjustment of the accounts of the parties is shown, and none is to be presumed from the facts reported. Since the revised statutes took effect, nothing short of twenty years can be considered as a bar to an action for breach of a bona. *Gleadow* v. *Atkin,* 1 Crompt. & Mees. 410. *Oswald* v. *Legh,* 1 T. R. 271. *Colsell* v. *Budd,* 1 Campb. 27. *Jackson* v *Pierce,* 10 Johns. 417. *Homer* v. *Fish,* 1 Pick. 438. *Welles* v. *Fish,* 3 Pick. 74. 1 Hall, *ubi sup.*

The money received of Moore by the plaintiff, on account of jailer's fees, &c., is not a subject of set-off. It was legally received, and could not hav been recovered back. Before

*St.* 1795, *c.* 41, there was no legal provision respecting a sheriff's arrangements with his deputies, as to fees; and no provision as to deputy jailers, before *St.* 1830, *c.* 110, § 6. The plaintiff therefore had a right to make such an arrangement as he pleased with Moore, as to the emoluments of keeping the jail. The offices of deputy sheriff and deputy jailer are separate, and no breach of Moore's duty, as deputy jailer, could be brought into question in this suit. *Mitton's case,* 4 Co. 32 *b.* *Ridings* v. *Edwin,* 1 Show. 162. Impey's Sheriff, 58, 76, 80. Rev. Sts. *c.* 14, §§ 59, 82, 86.

WILDE, J. The first question submitted to the consideration of the court on this report is, whether the action be not barred by the statute of limitations. The defendants' counsel contends that it is so barred, as the cause of action accrued on the first breach of the defendants' bond, which was more than twenty years before the commencement of this action. The answer to this objection is, that the bond was a continuing security, and that each successive failure to comply with the condition was a new breach, and a new cause of action ; and that the statute of limitations is no bar to an action upon any such new breach, alleged and proved to have been made, by the non-performance of the condition, at any time within twenty years before action brought.

It was so ruled at the trial, and to this ruling we think there is no substantial objection. The plaintiff, it is true, has alleged, in his assignment of breaches, that the defendant Moore, " during the time he was a deputy sheriff," had neglected to keep and render the account stipulated for in the condition ; which is perhaps tantamount to an averment that he had neglected, from the time of his appointment, to render such account. But this general averment is substantially an assignment of successive breaches, from time to time, some of which may be barred by the statute of limitations, and the others not. A covenant or condition to do a future act, at different times, may unquestionably undergo repeated breaches. The objection is formal merely, and might be removed by an amendment of the assignment of breaches ; but we do not consider an amendment to

be necessary.  We are therefore of opinion, that as a breach of the condition was proved within twenty years before action brought, the statute of limitations is no bar to the action.  The plaintiff was not bound to prove any prior breach, nor was any such breach proved.  The plaintiff, at the trial, proceeded on the defendants' admission, that during the latter part of the time Moore was in office, no such account as was required by the condition was kept.  We should not, however, consider it material, if any prior breach had been proved ; for it would be no bar to an action founded on the subsequent breaches.

We are then to consider whether the evidence reported is sufficient to warrant a jury in finding a payment of damages, or an accord and satisfaction.  The chief justice, at the trial, was of opinion that it was not; and we are all of the same opinion.  There was no express evidence of any actual settlement or adjustment; and the lapse of time, with the other circumstances relied on, does not warrant a presumption of the fact.  If the cause had been submitted to the jury, and a verdict had been returned for the defendants on this ground, we should consider the court bound to set it aside, as not sustained by sufficient evidence.

Another ground of defence was taken at the trial, by a claim of set-off.  The defendants offered to prove, that during the time the defendant Moore was acting as the plaintiff's deputy, he was also acting, under the appointment of the plaintiff, as keeper of the jail in Concord ; and that the plaintiff required him, illegally and improperly, as he contended, to pay over to the plaintiff a part of the fees and emoluments accruing to him as keeper of the jail, which he paid over accordingly.  But it has not been shown that such a requirement was illegal or improper.  The St. of 1795, c. 41, which was in force while the plaintiff was sheriff, provided that sheriffs should not recover of their deputies more than twenty-five per cent. on the amount of fees for travel, service, &c.  But this provision was not applicable to the fees and emoluments received by jailers; and there is no law prohibiting sheriffs from receiving a share of such fees and emoluments, if the parties so agree

The defendants did not prove, nor offer to prove, that the plaintiff received from the defendant Moore a larger amount of fees for travel, service, and levy of all writs and executions served by him, than the law allows.

We are therefore of opinion, that upon the evidence reported, the plaintiff would have been entitled to a verdict in his favor, if the case had been submitted to the jury. And it is now, according to the agreement of the parties, to be referred to an auditor, to report the amount due to the plaintiff by reason of any breach or breaches of the bond within twenty years before the commencement of the action.

At the October term 1844, the auditor, who was appointed by the court, made the following report of what passed before him at a hearing of the parties : " The plaintiff offered the judgment of the court for the penalty of the bond declared on, and claimed thereupon that the auditor should report that execution ought to issue for the amount of the *ad damnum* in his writ. The plaintiff offered no other evidence of any damage sustained by him, and claimed that the defendant was bound to go forward in mitigation of damages. The defendant offered no evidence in mitigation of damages, and claimed that the plaintiff must show what damage he had sustained, if any. I therefore report these facts, for the court to render such judgment or pass such order thereon as justice may require."

After argument, by the counsel above mentioned, on the question raised by this report, the opinion of the court was delivered by

Dewey, J. The plaintiff insists, that upon the facts reported by the auditor, he is entitled to an execution for the amount of the damage alleged in his writ, to wit $2000 ; that a breach of the bond being shown, it authorizes a judgment in his favor for the whole penalty of the bond ; and that such judgment being rendered, he has no occasion to move further on his part. He insists that the provision of the statute giving a hearing in equity on penal bonds is only for the purpose of allowing the defendant to establish by proof, that equity requires a deduc-

tion from the penal sum of the bond, and that to the extent he makes such proof, and no further, is any deduction to be made from the whole penalty, except where the *ad damnum* in the plaintiff's writ is less than the penalty ; and that, in such case, he is entitled to the amount of the *ad damnum.* Is this a correct view of the matter ? Does the smallest possible breach of the condition of a penal bond authorize a recovery of the whole penalty, if the defendant does not show, by evidence on his part, that the real damage or just claim of the plaintiff is for a smaller sum ? We think the plaintiff's counsel takes an erroneous view of the matter. It is indeed true, that by the Rev. Sts. *c.* 100, § 8, it is provided, that where any breach of a penal bond is confessed or established, by a verdict or otherwise, "judgment shall be entered for the penal sum." But it is to be remarked, that this is a judgment *sui generis.* Ordinarily, upon the rendition of a judgment in favor of a plaintiff, an execution goes of course for the amount of such judgment ; but not so in a case like the present. For the statute expressly limits the effect of the judgment in such a case ; directing indeed a judgment, but awarding no process to enforce payment of such judgment, and authorizing the issuing of an execution for such sum only as is due in equity and good conscience. Rev. Sts. *c.* 100, § 9. The judgment, therefore, already obtained by the plaintiff upon showing a mere breach of the bond, is entirely insufficient as the foundation for an execution to issue in his favor ; and if he would render his judgment an effectual one, capable of being enforced at law by a writ of execution, he must have the amount, for which such execution is to issue, settled by a decision fixing the amount due in equity and good conscience.

It was further urged on the part of the plaintiff, that however the general rule, applicable to cases of judgments upon penal bonds, might be, yet, from the peculiar nature of the condition of this bond, the proof in the case must wholly proceed from the defendants. This is said to be so, because the evidence is said to be found in the books and papers in the possession of Moore. This only presents the case that

11 *

frequently occurs, where the evidence is drawn from the adverse party. That may be effected by a bill of discovery, and it may also be competent for the auditor to receive secondary evidence, and to draw all reasonable inferences against the defendants, from Moore's refusal to produce his books and papers, after due notice and request so to do.

Let the matter be recommitted to the auditor, for a further hearing and report.