(Decided November 16th 1864.)

MICHAEL KEEFER *vs.* JACOB & JOHN ZIMMERMAN, EX'CRS OF JACOB ZIMMERMAN.

PLEADING: COVENANT: MERGER.—Z. sued K. on an agreement under seal, wherein K. covenanted to pay $538 for certain tracts of land, $50 thereof on the 1st of April, 1847, and $100 annually thereafter until paid, &c. K. to give bonds to Z. for the yearly payments, &c. The *nar.* contained two counts, both setting forth as breaches the non-payment of several instalments of the purchase money, the first non-payment with interest, from the date of the agreement—the second, with interest from the date of the cash payment. The defendant, by several pleas pleaded the payment to the said Z. of the cash payment, and "that he well and truly executed his bonds for the yearly payment of the residue of said sum of $538"—

Keefer *vs.* Zimmerman's Exc'rs.

"and which were accepted by the said Z. in performance of the covenant of the said defendant in that behalf." It did not appear from the said pleas, to which count or breach they were designed as pleas. On demurrer to said pleas, Held:

1st. That they were bad,—it being no answer to the declaration going for the breach of the covenant for the annual payments, to reply performance of another and distinct covenant to give bond for said yearly payments, for a breach of which no complaint is made.

2nd. That the original contract being under seal, could not be merged in a security of only equal dignity; that the bonds were of no higher obligation than the contract, and afforded only an additional, and not an exclusive remedy; and that in such cases the obligee may proceed on one or the other, at his option.

EVIDENCE,—ADMISSIBILITY OF: ACT OF 1825, CH. 120.—The plaintiffs to maintain the issue, joined on their part on the plea of *non est factum*, called a competent witness, by whom they proposed to prove the handwriting or genuineness of the signatures of the subscribing witnesses to the agreement, which was the cause of action, for the purpose of proving the due execution of the agreement by the defendant,—the said subscribing witnesses having become interested in the cause, since the alleged execution of the agreement. HELD:

1st. That the testimony offered was admissible for the purpose for which it was offered.

2nd. That the Act of 1825, ch. 120, was intended to enlarge, and not to narrow the means of proving such instruments.

LIMITATIONS.—A prayer proceeding on the theory, that the lapse of more than twelve years since the breach of the covenant to *give bonds for the deferred payments,* bars the right of action on the breaches of the covenant *to pay annually,* notwithstanding the latter may have occurred within twelve years before the institution of the suit, was properly rejected.

All the breaches of the covenants sued on, having occurred annually on the 1st of April, from the years 1848 to 1852, inclusive, and the suit having been brought on the 25th November 1859, none of them were barred by the plea of limitations.

APPEAL from the Circuit Court for Washington County:

This was an action brought on the 25th of November 1859, by the appellees against the appellant, for the non-performance of an agreement under seal entered into between the defendant and the plaintiffs' intestate, which is set out in the opinion of this Court.

The declaration contains two counts, both going for a breach of that part of the agreement relating to the payment of the money by instalments, and for that breach alone. The first count, after setting forth the legal effect of the contract, avers that immediately after the date of the agreement, to wit, on the 16th of October 1846, Jacob Zimmerman gave full, free and peaceable possession of the land to the defendant, who then entered and has ever since possessed and enjoyed the same; that the defendant paid the said Jacob the first instalment of $50, and the second of $100, but avers that he has failed to pay the third, fourth, fifth and sixth instalments, due respectively on the first days of April 1849, 1850, 1851 and 1852.

The second count is substantially the same, the only material difference being that it avers that the interest on the deferred payments runs from the first of April 1847, instead of from the date of the agreement, as in the first count, and corresponding charges are made to meet this view of the legal effect of the agreement and of the covenant to pay therein contained.

The defendant pleaded: 1st. *Non est factum.* 2nd. That the alleged deed or article of agreement was procured by the fraud of the said Jacob Zimmerman, deceased. 3rd. That the alleged cause or causes of action did not, nor did either of them, accrue within twelve years before this suit. 4th. Payment. 5th. General performance. The 6th, 7th and 8th pleas are set out in the opinion of this Court.

Issues were joined on the 1st, 2nd, 3rd, 4th and 5th pleas, and the plaintiffs demurred to the 6th, 7th and 8th. 1st. Because said pleas and neither of them set forth any facts necessary to constitute a defence to the action of the plaintiffs. 2nd. Because said pleas and neither of them, contain any matter responsive to any matter expressly or impliedly alleged in the plaintiffs' declaration. 3rd. Because the matters set forth in said

pleas, and each of them, must necessarily lead to an immaterial issue.

The Court sustained this demurrer, and the case was then tried upon the issues joined on the other pleas, and in the course of the trial two exceptions were taken by the defendant.

*1st Exception.* The plaintiffs to sustain the issue on their part joined on the plea of *non est factum*, called Jacob Myers, a competent witness, by whom they proposed to prove the handwriting or genuineness of the signatures of M. S. Zimmerman and John Zimmerman, the subscribing witnesses to the following agreement, being the same declared on in this case, (see opinion of this Court, p. 283,) for the purpose of proving the due execution of the said agreement by the defendant, the said subscribing witnesses being interested in the cause, and becoming so since the alleged execution of said agreement, the said John as one of the executors and plaintiffs, and the said M. S. Zimmerman as distributee or legatee under the will of the said Jacob Zimmerman, deceased, the testator.    To the competency and admissibility of such proposed proof the defendant objected, but the Court overruled the objection and permitted the same to go to the jury, and to this ruling the defendant excepted.

*2nd Exception.*    After the evidence contained in the preceding exception, made part of this, had been given, the plaintiffs further to sustain the issues on their part joined, offered and read in evidence to the jury the agreement declared on, and which is set out in the preceding exception, and there rested their case, giving no further evidence to sustain the issues joined.    The defendant then prayed the Court to instruct the jury as follows:

1st. That if the jury shall find the agreement declared on to have been executed by the defendant, and that the defendant did not execute his bond or bonds for the deferred payments of the purchase money for the land, as

required by and stipulated in said agreement, the non-execution of such bond or bonds produced a breach of the contract or covenant in that behalf, and an action thereby at once accrued, and the plea of the statute of limitations pleaded in this case, forms a bar to the action.

2nd. That if the jury shall find the agreement declared on to have been executed by the defendant, then, under the plea of the statute of limitations and the issue joined thereon, and the proof in this cause, the plaintiffs are not entitled to recover.

But the Court (PERRY, J.,) refused to grant these prayers or either of them, and was of opinion that the said plea of limitations formed no bar to this action. To which refusal and opinion of the Court the defendant excepted.

The verdict was in favor of the plaintiffs· for $476.61 damages and costs, and from the judgment thereon the defendant appealed.

The cause was argued before BOWIE, C. J., and BARTOL, GOLDSBOROUGH, and COCHRAN, J.

*R. H. Alvey,* for the appellants:

1st. If the bonds were given, as alleged by the sixth plea, the action should have been upon those bonds, and not upon the original covenant. The giving of the bond was a performance of the covenant, and it is expressly alleged that they were accepted in performance thereof. This the demurrer admits. What then became of the bonds? They may have been assigned to innocent third parties; and by permitting the action to be maintained on the original covenant, facility may be afforded to the practice of fraud. It is contended therefore that the sixth plea constituted a sufficient answer to the action, and that the demurrer should not have been sustained. *Dorsey vs. Smith,* '1 *Har. & J.,* 345, 363. *Bullitt vs.*

*Worthington*, 6 *Md. Rep.*, 172, 196. *Munroe vs. Perkins*, 9 *Pick.*, 298.

2nd. As to the seventh plea, it is maintained that it formed a complete bar to the action on the original covenant. It is alleged that promissory notes for the deferred payments of the purchase money, were made at the instance and request of the plaintiffs' testator, and that he accepted them as and in performance of the covenant. The covenant required the execution of bonds for the purchase money. The parties having thus, by a subsequent agreement, changed the nature of the contract, and security, for the payment of the money, no action can be maintained on the original covenant. The action for the recovery of the money must be upon the promissory notes taken under the subsequent contract. It was perfectly competent to the parties to make such subsequent substitutionary contract, and having made it, the remedy must be pursued thereon, and according to its legal character. *Littler vs. Holland*, 3 *T. R.*, 590; *Ib.*, 592, in note. *Fleming vs. Gilbert*, 3 *John. Rep.*, 520. *Freeman vs. Adams*, 9 *John. Rep.*, 112. *Dearborn vs. Cross*, 7 *Cow.*, 48. *Langworthy vs. Clark & Smith*, 2 *Wend.*, 588. *Ins. Co. vs. Hamill*, 5 *Md. Rep.*, 170. *Evans vs. Bowers*, 1 *Exch.*, 214.

If it be thought that the acceptance of the promissory notes, for the purchase money, does not destroy the right of action upon the covenant, still the plaintiffs should have replied to the plea, and shown where those promissory notes were, and that they were overdue, and in their control, and ready to be delivered up. *Kearslake vs. Morgan*, 5 *T. Rep.*, 513. *Mercer vs. Cheese*, 4 *Man. & Gran.*, 804. *Glenn vs. Smith*, 2 *G. & J.*, 493. *Morrison vs. Welty*, 18 *Md. Rep.*, 169.

3rd. The evidence offered to prove the execution of the agreement declared on, was inadmissible for the purpose for which it was offered. If the subscribing witnesses

were so situated as not to be legally competent to testify, the plaintiffs should have proven the agreement as if not attested by witnesses. But even under the common law rule, before offering evidence of the handwriting of attesting witnesses, where there are more than one, it is incumbent upon the party attempting to prove the instrument, to account for the absence of all the witnesses, as the testimony of one would be sufficient, and of a higher degree and more reliable character of evidence than the mere proof of the handwriting of such witnesses. 2 *Phil. Ev.*, 214. *Cunliffe vs. Sefton,* 2 *East.*, 183.

The common law rule, admitting the evidence of handwriting of attesting witnesses, under certain circumstances, exists by reason and in consequence of the general rule requiring all instruments of writing, attested by witnesses, to be proved by the testimony of such witnesses, where they can be had and made to testify; the proof of their handwriting being admissible only in those cases where it can be shown that the testimony of the subscribing witness cannot be procured, by reason of his absence, death, interest, or other disqualification, arising subsequent to the attestation; and where, without such proof of handwriting, the instrument could not be used. *Handy vs. The State,* 7 *H. & J.*, 42. Such being the case, when, by the Act of 1825, chap. 120, the primary rule was abolished, the secondary or consequential rule, admitting proof of handwriting to supply the absence of the witness, ceased, and no longer exists in this State. Such proof is but secondary at best, and is very unreliable, and unsatisfactory, as many reported cases demonstrate. *Handy vs. The State,* 7 *H. & J.*, 42. *Edelen vs. Gough,* 5 *Gill,* 103. *Pow.on Ev.*, 302, 307. *Tayl. Ev.*, 1415.

4th. It is covenanted in the agreement that bonds should be given for the purchase money, and the covenants are enforced with a penalty. The covenant

required these bonds to be given immediately after making the agreement, and a failure to give them, of course, produced a forfeiture, and gave at once a right of action. To such action the statute of limitations would be a clear bar, as the agreement bears date the 15th October 1846, and the action was not brought until the 4th of January 1860. If action had been brought at once upon the forfeiture incurred, by the failure to give the bonds, the measure of recovery would have been the full amount of the money for which the bonds should have been given. If such be the case, why is not the statute of limitations a bar? *Mayne on Damages*, side *p.* 78, *top* 88. *Mussen vs. Price*, 4 *East.*, 147. *Hutchinson vs. Read*, 3 *Campb.*, 329. *Hanna vs. Mills*, 21 *Wend.*, 90.

The Court, moreover, committed error in precluding the question on the statute of limitation. It was for the jury to find, not only the execution of the agreement, but its dates and terms, and as an issue had been joined on the plea of limitation, the question should have been put hypothetically to the jury. *Rail Road Co. vs. Resley*, 7 *Md. Rep.*, 297.

*O. Miller*, for the appellee, argued:

1st. That the pleas demurred to were bad. The agreement sued on contains an express covenant to pay the purchase money with interest in annual instalments. The breach complained of, and alone complained of, in the declaration, is the failure to pay the several instalments particularly specified. Now, the pleas demurred to simply aver performance by the defendant of another covenant in the agreement, viz: the covenant to give bond for the yearly payments. The plaintiffs do not complain of a breach of the covenant to give bond, and were not bound to notice it in their declaration, and it is no answer to a declaration going for a breach of one covenant in a bond, to reply performance of another and distinct covenant, of

which there was no breach, or for a breach of which no complaint is made. 1 *Chitty's Pl.*, 303. 1 *Saund. Pl. and Ev.*, 323. *Glenn vs. Smith*, 2 *G. & J.*,493. *Yingling vs. Kohlhass*, 18 *Md. Rep.*, 148. *Morris vs. Welty*, 18 *Md. Rep.*, 169.

2nd. The ruling in the first exception is correct. One of the attesting witnesses had become plaintiff in the case, and one of the executors of Jacob Zimmerman, one of the parties to the agreement whose execution was sought to be proved, and the other had become directly interested in the result of the suit, as distributee or legatee of Jacob Zimmerman, and therefore both were incompetent to testify. In such a case the law allows the execution of the instrument to be proved by proving the handwriting of the subscribing witnesses. 1 *Greenleaf's Ev.* secs. 569, 572. *Phillips on Ev.* secs. 362 and 570, 571. *Hamilton vs. Marsden*, 6 *Binney*, 45. *Godfrey vs. Norris*, 1 *Strange*, 34. *Davison vs. Bloomer*, 1 *Dallas*, 123. *Hovill vs. Stephenson*, 5 *Bing.*, 493. Act of 1825, ch. 20. *Parker vs. Fassitt*, 1 *H. & G.*, 337. *Dorsey vs. Smith*, 7 *H. & J.*, 365. *Whitmore vs. Brook*, 1 *Greenleaf Rep.*, 59. *Edelen vs. Gough*, 5 *Gill*, 103.

3rd. The rulings upon the defendant's prayers, and the opinion which the Court gave, that the plea of limitations only began to run from the time the cause of action accrued, that is, from the time each annual instalment became due and payable, and formed no bar to this action, are also correct. Limitations only commenced as to each instalment from the time it was due and payable. Now, by the agreement sued on, the first instalment which was unpaid became due on the 1st of April 1849, and this suit was brought on the 25th of November 1859, less than twelve years after the cause of action accrued; consequently limitations is no bar to the action. The covenants in the agreement are separate and distinct, both to pay in instalments and to give bond for the deferred payments, and the fact that the defendant failed to

give bond, and that we could have brought suit for the breach of that covenant, or that a cause of action for a breach of that covenant may have accrued more than twelve years before suit brought, cannot affect our right to sue for a breach of the covenant to pay, nor operate to make limitations commence to run before the instalments became due. Act of 1715, ch. 23, sec. 6. *Glasgow vs. Porter,* 1 *H. & J.,* 109. *Schell vs. The State,* 3 *H & J.,* 538. *Tiernan vs. Rescanier,* 10 *G. & J.,* 224. *Hall vs. Creswell,* 12 *G. & J.,* 48.

Bowie, C. J., delivered the opinion of this Court.

The appellees sued the appellant, on the 25th of November 1859, on an agreement under seal, dated the 15th October 1846, wherein the appellant covenanted to pay for certain tracts of land $538, to be paid as follows, viz: "fifty dollars to be paid on the first day of April 1847, and one hundred annually thereafter, until paid, with interest from the date above mentioned; at the time of last payment, said Zimmerman binds himself, his heirs, &c., to make a deed of conveyance, warranting and defending the same unto said Keefer, his heirs, &c., as soon as the whole amount of money is paid; the original papers and patents to be procured and delivered to said Keefer at the time of the last payment, and full and free possession given immediately after this date; said Keefer to give bonds for the yearly payments unto said Zimmerman for the faithful performance of the several covenants." The parties bound themselves in the penal sum of eight hundred dollars.

The *nar.* contained two counts, the first, setting forth as breaches, the non-payment of several instalments of the purchase money, with interest from the date of the agreement: the second, charging the interest from the 1st of April 1847, instead of from the date of the agreement, as in the first count. To these the appellant pleaded eight

pleas.    Issues were joined on the 1st, 2nd, 3rd, 4th and 5th pleas, and demurrers entered to the 6th, 7th and 8th, which demurrers were sustained by the Court below. The pleas overruled upon demurrer were substantially as follows: For a sixth plea, the defendant says, that he did well and truly pay to the said Jacob Zimmerman, deceased, in his lifetime, the said sum of $50, in the said agreement stipulated to be paid on the first day of April 1847, and well and truly executed his bonds for the yearly payments of the residue of said sum of five hundred and thirty-eight dollars, the amount stipulated to be paid on said land, and which were accepted by the said Jacob Zimmerman, the testator, in performance of the covenant of the said defendant in that behalf.    The seventh plea was a repetition of the eighth, except that the words "promissory notes" were substituted for "bonds."    The eighth plea was a duplicate of the seventh. These pleas are special pleas of performance.

The first inquiry is, to what breaches they are pleaded? The appellees argue that the agreement consists of several covenants; covenants to pay a certain sum in several annual instalments, and a covenant to give bond for the yearly payments; that they have complained of the breach of the former, and the appellants plead a compliance with the latter; that the pleas if otherwise good, are vicious, because they do not respond to the complaint and lead to immaterial issues, inasmuch as, the performance of one covenant is no bar to the action for a breach of another.    These pleas are framed under the Act of 1856, ch. 112, without any commencement to indicate the count, or the breach, to which they were designed as pleas.    Their precise application can only be determined by the grammatical construction of their language.    The covenants of the agreement were twofold: to pay a certain sum in annual instalments, and to give bonds for the yearly payments.    The plaintiff alleges that the

defendant has not paid certain instalments; the defendant answers, he has paid the sum stipulated to be paid on the 1st day of April 1847, and well and truly executed his bonds for the yearly payment of the residue of the said sum of five hundred and thirty-eight dollars, the amount stipulated to be paid for said land, and which were accepted by the said Jacob Zimmerman, the testator, in performance of the covenant of the defendant *"in that behalf."* Is the covenant referred to by the words *"in that bahalf,"* the covenant to bond or the covenant to pay? It would be unmeaning to say, that having covenanted to pay and to give bond for the payment in instalments, the bonds were accepted in performance of the covenant to pay—the means received for the end. The words "well and truly" imply in conformity with the obligation or covenants of the party, and must be taken to be averred in performance of the covenant, to which they literally apply. And again, the language of these pleas is—"and which bonds" or "which said notes were accepted *as and in* performance of the covenant of the defendant in that behalf" not in *full satisfaction and discharge of the promises and undertakings in the declaration mentioned, and of the damages sustained by the plaintiffs by reason of the breaches aforesaid.*

The appellant insists "that the giving of the bonds was a performance of the covenant, and it is expressly alleged they were accepted in *performance thereof*," not in satisfaction of the breach of other covenants to pay. It is urged that the right of action on the agreement, was merged upon giving the bonds, and the suit should have been upon them and not on the original covenant. The original contract being under seal could not be merged in a security of only equal dignity; the bonds were of no higher obligation than the contract; they afforded an additional, but not exclusive remedy or right of action. The seventh plea presents the same objection,

only in another form. The promissory notes which are pleaded in this case, as having been made, executed and accepted, "as and in performance of the covenant of the defendant in that behalf," besides not operating as a merger, are no where alleged to be negotiable bills. It is no where alleged in these pleas, that the notes or bonds were substituted for the original contract to pay; but on the contrary they aver that they were executed and accepted in performance of the covenants of that contract. They were clearly cumulative and ancillary to the agreement. It is scarcely necessary to refer to authorities to show that in such cases, the obligee may proceed on one or the other, at his option. We think the demurrers to the 6th, 7th and 8th pleas were properly sustained.

The plaintiffs, to maintain the issue joined on their part, called a competent witness, by whom they proposed to prove the handwriting, or genuineness of the signatures of the subscribing witnesses to the agreement, which was the cause of action, for the purpose of proving the due execution of that agreement by the defendant,—the said subscribing witnesses having become interested in the cause, since the alleged execution of the agreement, the one as executor of the deceased, the other as distributee and legatee of Jacob Zimmerman, the original obligee: To the competency and admissibility of which proof the defendant objected, which objection being overruled, the defendant excepted.

If we correctly understand the argument of the appellant on this point, it is admitted that under the common law rules of evidence, the evidence offered would have been admissible, because it was strictly secondary evidence at common law, and proper when the primary proof, the attesting witnesses could not for any good legal cause, be examined; but the necessity of producing such primary proof being dispensed with by the Act of 1825, ch. 120,

the secondary proof falls with it. The Act of 1825, ch. 120, does not make it unlawful to call the subscribing witness or witnesses, but makes it lawful to prove the execution of such instrument of writing, in the same manner and by the same evidence, that the same might be proved, if not attested by a subscribing witness. Notwithstanding this Act, a subscribing witness was still a competent and proper witness, other conditions existing: the object was to render it unnecessary to produce the subscribing witness, where it was required at common law, (except in cases of last wills,) not to disqualify such testimony. Because other secondary evidence, (proof of the handwriting of the makers of such instruments,) was made sufficient, it did not exclude proof of the handwriting of the attesting witnesses. It might happen under peculiar circumstances that such secondary proof would be the only evidence that could be produced. The statute was evidently designed to enlarge and not to narrow the means of proof. We think the ruling of the Court below on this exception was correct.

The third and last point arises on the refusal of the prayer of the defendant: 1st. That if the jury find the defendant did not execute his bond or bonds for the deferred payments, the non-execution of the bonds was a breach of the covenants, for which a right of action at once accrued, and the plea of the statute of limitations was a bar to the action. 2nd. That if the jury shall find the agreement declared on to have been executed by the defendant, then, under the plea of the statute of limitations, and the issue joined thereon, and the proof in this cause, the plaintiffs are not entitled to recover.

The first branch of this prayer proceeds upon the theory, that the lapse of more than twelve years, since the breach of the covenant *to give bonds for the deferred payments*, bars the right of action on the breaches of the *covenant to pay annually*, notwithstanding the

latter may have occurred within twelve years from the institution of the suit. The mere statement of the proposition shows its untenable character. The covenants were several and distinct, intended to serve different purposes; the obligee was entitled to his action on all and each of them, and if he reserved his suit until they were all violated, his forbearance should not be a bar unless carried beyond the limits of the law,—twelve years from the breach complained of.

The last clause was intended to cover all the breaches of the covenants sued on, for non-payment; as these occurred on the 1st of April 1848, 1849, 1850, 1851 and 1852, and the suit was brought on the 25th November 1859, none of them were barred by the plea, and therefore the prayer was properly rejected.

*Judgment affirmed.*

(Decided November 17th 1864.)