BELL v. GIBSON,

(Supreme Court, Appellate Division, Second Department. April 18, 1902.)

1. TRADE-NAMES—REGULATION—MARKED MILK CANS—USING WITHOUT OWNER'S CONSENT—ACTION FOR PENALTY—SUFFICIENCY OF EVIDENCE.

Laws 1896, c. 376, § 29, imposes a penalty for using, without the consent of the owner, milk cans used in domestic commerce which are marked with the initials of the owner, and makes possession of any such can presumptive evidence of unlawful user. One of plaintiff's cans was found in defendant's possession, among other cans set out for use by him the next day; and though he testified that he had received the can from a man long since dead, and had not used it since the man's death, he was unable to explain the presence of the can among the others, if it was not intended for use. Plaintiff testified that he found the can scoured up as bright as could be, and that defendant admitted to him that he had been putting milk in it. *Held* that, independently of the presumption under the statute from possession, the evidence was sufficient to support a finding of unlawful user.

2. SAME—ACTION FOR PENALTY—LIMITATIONS.

Where an action for the penalty imposed by Laws 1896, c. 376, § 29, for using milk cans without the owner's consent, was instituted within

75 N.Y.S.—48

·three years after the can was found in defendant's possession and use, it was not barred by Code Civ. Proc. § 383, subd. 3, requiring an action for a penalty to be commenced within three years after the cause of action accrues, though the can first came into defendant's possession more than three years previous to the action; the possession and use of the can being a continuous violation of the statute.

8. SAME—WITNESSES—CREDIBILITY.

Where, in an action·to recover the penalty imposed by Laws 1896, c. 376, § 29, for using milk cans without the owner's consent, the court found, on sufficient evidence, that one of plaintiff's cans was in actual use by defendant, notwithstanding his sworn denial, it was not bound to accept his uncorroborated, though uncontradicted, testimony as to where and when he obtained the can.

Appeal from special term, Orange county.

Action by Sidney Bell against Thomas Gibson. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

Frank L. Young, for appellant.

Louis H. Levin, for respondent.

HIRSCHBERG, J. The plaintiff, as the agent for the owner, has recovered a penalty for the unlawful possession and use of a milk can by the defendant, under section 29 of the domestic commerce law (chapter 376, Laws 1896). The learned trial court has found as facts that the can was the property of a corporation known as the Beakes Dairy Company, that it was. plainly marked with the name C. H. C. Beakes, that it was in the defendant's possession and use on the 23d day of May, 1901, and that such possession and use were without the consent of the owner or agent. The liability for the penalty necessarily follows these findings.

The defendant made no denial of the possession of the can on the day named, but he asserted that he had received it from a man named Chester in March, 1889; that Chester had been dead four or five years; and that he only used the can during Chester's lifetime. The can was found among cans which were in actual use by the defendant on May 23, 1901, and the defendant was wholly unable to explain why this was so, if the can was not in use. He admitted that it was placed among his other cans, which were set upon a platform, "for the purpose of being used on the next day." The plaintiff testified that he found the can scoured up bright,—"as bright as could be,"—and that the defendant admitted to him that he had been using the can to put his milk in. Independently of the presumption of use arising from possession under the terms of the statute, there was therefore abundant other evidence of use, and the judgment in this respect is adequately supported. The point, moreover, was not raised on the trial, and, in the absence of a motion for a new trial, would probably be unavailable here.

· The cause of action is not barred by the provisions of subdivision 3 of section 383 of the Code of Civil Procedure, requiring an action for a penalty to be commenced within three years after the cause of action has accrued. The possession and use of the can by the defendant,

during whatever period, was a continuous violation of the statute first herein referred to, which entitled the owner to take possession of it "whenever found," and subjected the offender to the penalty imposed. The only finding in the case is of possession and use on May 23, 1901. The action was commenced on June 8, 1901. In any event, the court below was not required to accept the defendant's uncorroborated statement as to the time or manner in which the can came into his possession. Elwood v. Telegraph Co., 45 N. Y. 549, 554, 6 Am. Rep. 140. This is especially true in a case where the witness is not only directly interested in the result, but the court has also found, as in this instance, in direct conflict with specific evidence given by him upon material matters in issue. Having found on sufficient evidence that the can was in actual use when discovered, notwithstanding the defendant's sworn denial, the court was certainly at liberty to reject his unsupported assertion of a violation of the law so protracted and persistent as to invoke the possible protection of statutory limitation.

It seems unnecessary to discuss the other points presented by the appellant. The judgment should be affirmed.

Judgment affirmed, with costs. All concur, except BARTLETT, J., who takes no part.