Patrick W. Cullinan, as Commissioner of Excise of the State of New York, Respondent, *v.* Otto Kuch et al., Appellants.

Liquor Tax Law — When Principal and Surety on Bond for Liquor Tax Certificate Are Liable Thereunder for Violation of the Statute by Assignee of the Certificate. The principal and surety on a bond for a liquor tax certificate are liable on the bond during the life of the certificate, notwithstanding the certificate has been assigned and is in the possession of an assignee who has violated the provisions of the Liquor Tax Law, unless it was presented to the proper authority for cancellation or the assignment was consented to by the proper officer in the manner required by the statute.

*Cullinan* v. *Kuch,* 84 App. Div. 642, affirmed.

(Argued January 22, 1904; decided January 29, 1904.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 29, 1903, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Alfred R. Page* for appellants. The bond is conditioned upon Otto Kuch's conduct of the business, and cannot be extended beyond its exact terms by construction. (*Newell* v. *People,* 7 N. Y. 97; *McCluskey* v. *Cromwell,* 11 N. Y. 601; *People ex rel.* v. *Woodruff,* 32 N. Y. 355; *Schoonmaker* v. *Hoyt,* 148 N. Y. 431; *U. C. S. Inst.* v. *Young,* 161 N. Y. 23.) The words, "while the business for which such liquor tax certificate is given shall be carried on," neither make the meaning obscure nor extend the liability. (*Niles* v. *Mathusa,* 162 N. Y. 549; *People ex rel.* v. *Murray,* 149 N. Y. 379; *Matter of Lyman* v. *Texter,* 59 App. Div. 217; *Lyman* v. *Perlmutter,* 166 N. Y. 410; *Lyman* v. *Kurtz,* 166 N. Y. 274; *C. T. S. D. & S. Co.* v. *A. B. Co.,* 174 N. Y. 486.) Contrasting the language of sections 18 and 28 shows more

clearly the legislative intent to limit the bond to the acts or omissions of the principal. (*Lyman* v. *Schermerhorn*, 167 N. Y. 113 ; *Lyman* v. *Kane*, 57 App. Div. 549 ; *Lyman* v. *Mead*, 56 App. Div. 582 ; *People ex rel.* v. *Lyman*, 156 N. Y. 407 ; *Matter of Mitchell* v. *James*, 41 App. Div. 127 ; *Lyman* v. *Cheever*, 168 N. Y. 43.) When the certificate was delivered to McGurk, with a petition for the transfer thereof, and McGurk entered into possession of the premises, all Kuch's rights and interests in, and duty to and obligations for the premises ceased. (*Niles* v. *Mathusa*, 162 N. Y. 551 ; *McNeely* v. *Welz*, 166 N. Y. 124 ; *Koehler* v. *Flebbe*, 21 App. Div. 210 ; *Matter of Lyman*, 53 App. Div. 330 ; *People ex rel.* v. *Lyman*, 27 App. Div. 527 ; 156 N. Y. 407 ; *People ex rel.* v. *Lucas*, 93 N. Y. 585.)

*William E. Schenck* and *Herbert H. Kellogg* for respondent. The duration of the liability of the obligors upon the liquor tax bond in suit and the scope of their liability thereunder depends upon the language of the bond as it is construed in the light of the statute under which it is given. (*McCluskey* v. *Cromwell*, 11 N. Y. 598 ; *Lyman* v. *S. S. Club*, 39 App. Div. 459 ; *Lyman* v. *Kurtz*, 166 N. Y. 274 ; *C. T. Co.* v. *A. B. Co.*, 174 N. Y. 486 ; *Lewis* v. *Palmer*, 28 N. Y. 271 ; *Arnold* v. *Green*, 116 N. Y. 571 ; Harris on Subrogation, § 1.) So long as the holder of a liquor tax certificate allows it to remain posted in the premises for which it was issued and suffers the traffic in liquors to be ostensibly carried on thereunder, the law will hold him and his surety responsible. if the premises become disorderly. (*People ex rel.* v. *Hilliard*, 28 App. Div. 140 ; *Matter of Lyman* v. *Texter*, 59 App. Div. 221 ; *Cullinan* v. *Parker*, 84 App. Div. 296 ; *Grady* v. *Rogan*, 2 Tex. App. 265 ; *Hannon* v. *Siegel-Cooper Co.*, 167 N. Y. 244 ; *Cox* v. *A. B. Co.*, 56 Hun, 489 ; *Newman* v. *Lee*, 87 App. Div. 116 ; *Graves* v. *M. S. Co.*, 29 Misc. Rep. 647 ; *Hannon* v. *Moore*, 3 Misc. Rep. 363 ; *Stahlberger* v. *N. H. L. Co.*, 92 Hun, 247 ; *Smith* v. *R. B. L. Co.*, 88 Hun, 153.)

Parker, Ch. J.   The violations of the Liquor Tax Law, for which the penalty of the bond was recovered in this action, were committed by the assignee of ·the principal in the bond given in order to procure the liquor tax certificate which, continuing in the room where it had been posted, furnished the appearance of authority to conduct the business actually in progress.   And the principal and surety urge that the former having actually assigned ·the certificate, both are relieved from all liability for infringement of the Liquor Tax Law at that place.   But that is not so, as we have previously held; for — construing the bond in the light of the statute which lies at the foundation of it — we conclude that liability on the bond continues during the life of the liquor tax certificate unless it is either presented to the proper authority for cancellation, or the "original owner thereof" presents or causes "the presentation of the tax certificate to the officer who issued the same" in order that he may consent in the manner provided by statute to its transfer to the assignee upon his compliance with the requirements of the· statute made necessary in order to accomplish a valid transfer.   The defendant Kuch did neither of these things, and so both he and the surety continued bound.

The judgment should be affirmed, with costs.

Gray, Bartlett, Martin, Vann and Werner, JJ., concur; O'Brien, J., not voting.

Judgment affirmed.