(90 Misc. Rep. 159)

FARLEY, State Com'r of Excise, v. PETERSEN et al.

(Supreme Court, Trial Term, New York County. April, 1915.)

1. INTOXICATING LIQUORS ⊗⇒82—BOND UNDER LIQUOR TAX LAW—CONTINUING OBLIGATION.

The contract between the parties to a bond given under the Liquor Tax Law (Consol. Laws, c. 34), to secure the principal's obedience to that law, was a continuing obligation, which existed as long as business was carried on under the liquor tax certificate.

[Ed. Note.—For other cases, see Intoxicating Liquors, Cent. Dig. §§ 85–95; Dec. Dig. ⊗⇒82.]

2. LIMITATION OF ACTIONS ⊗⇒50—CONTINUING CONTRACTS.

In an action on a bond given under Liquor Tax Law, to secure the principal's obedience to that law and the orderly conduct of business authorized by it, for a breach of the bond in September, a breach thereof in January preceding, against which the statute of limitations had run constituted no defense; the liability not ceasing because thereof.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 273–279; Dec. Dig. ⊗⇒50.]

Action by William W. Farley, as State Commissioner of Excise, against Henry F. Petersen and another. On motion to set aside verdict. Motion denied.

---

⊗⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. M. Sperry, of Albany (Charles R. O'Connor, of Hobart, of counsel), for plaintiff.

Olvany, Russell & Ingle, of New York City (George W. Olvany, of New York City, of counsel), for defendant Petersen.

Bowers & Sands, of New York City, for defendant Lincoln Trust Co.

DELEHANTY, J. [1] This is not an action to recover a penalty, but one upon a contract. The question that immediately presents itself therefore is: What was the contract between the parties? The bond in question was given in compliance with the provisions of the Liquor Tax Law; its purpose being to secure on the part of the principal obedience to that law and the decent and orderly conduct of the business authorized by it. By the express terms of the bond it is agreed that:

"The said principal will not, while the business for which the said liquor tax certificate is given shall be carried on, * * * violate any of the provisions of the Liquor Tax Law or any act amendatory thereof or supplementary thereto, and that all fines and penalties which shall accrue during the time of the certificate applied for is held and any judgment or judgments recovered therefor will be paid, together with all costs taxed or allowed in any action or proceeding brought or instituted under the provisions of said Liquor Tax Law."

Thus, according to the specific language of the bond, the defendants hold themselves bound for any violation of the Liquor Tax Law which may occur while the business shall be carried on under the certificate, and they expressly guarantee that all fines and penalties and any judgment or judgments recovered therefor, which shall accrue during the time the certificate is held, will be paid. Moreover, the statute, which must be read in connection with the bond (McCluskey v. Cromwell, 11 N. Y. 593), provides that should the surety given upon the bond be that of a certificate of deposit, as in this case, demand may be made 9 months or more after the expiration of the liquor tax certificate for the surrender by the state excise commissioner of the certificate of deposit; that such certificate shall be surrendered within 90 days after such demand, unless an action for the recovery of the penalties provided for in said bond shall have been begun. From the language of the bond and the statute, and from the purpose for which the bond was given and required, it is impossible to escape the conclusion that the contract between the parties was a continuing obligation existing as long as business was carried on under the liquor tax certificate. Referring to a similar bond in the case of Cullinan v. Fidelity & Casualty Co., 84 App. Div. 296, 82 N. Y. Supp. 827, Mr. Justice Ingraham said:

"I think that the obligation assumed by the principal and surety is that, as long as liquors are sold under the authority of the certificate, the principal shall see to it that the premises upon which the liquors are sold are not used for illegal purposes."

Cullinan v. Kuch, 84 App. Div. 642, 82 N. Y. Supp. 1098, was affirmed in 177 N. Y. 303, 69 N. E. 597, and the rule was there laid

down that the liability on the bond continues during the life of the liquor tax certificate, unless the certificate is either presented to the proper authority for cancellation or is duly assigned.

[2] It follows, therefore, that, the obligation being a continuing one and intended by the express terms of the contract to cover violation of the law occurring during the life of the liquor tax certificate, the verdict against the defendants should not be set aside. In other words, it is no defense to the action for the breach in September that there was a prior breach in January, against which the statute of limitations had run. The law governing such transactions is stated in Cyc. vol. 25, p. 1105, as follows:

"Where a bond is conditioned generally and specifically for the performance of duties by the obligor, as in the case of a bond given by an agent, employé, or trustee, it is regarded as a continuing security; and in the case of repeated breaches the statute runs from each as it occurs, so that, although a cause of action for one breach of condition is barred, an action may still be maintained for a subsequent breach occurring within the statutory period before suit."

The point, it seems, has not been raised in this state before, although it has been passed upon in several other jurisdictions.

Thus in the case of Northern Assurance Co. v. Borgelt, 67 Neb. 283, 93 N. W. 226, it was held that, although a cause of action for a prior breach of a bond furnished by an agent for the protection of his principal may have been barred by the statute of limitations, such fact will not bar an action for another and subsequent breach; the statute of limitations running as to each breach from the time when it takes place.

In Deposit Bank v. Hearne, 104 Ky. 819, 48 S. W. 160, it was held that the fact that the first breach of a bond of a bank clerk is barred by the statute of limitations does not bar an action for subsequent breaches; limitations as to each breach running only from the time it is committed.

In Thayer v. Keyes, 136 Mass. 104, it was held that an executor's bond was a continuing obligation, and that the executor was liable for each successive breach, even though the first was barred by the statute of limitations. To the same effect is the case of Keefer v. Zimmerman, 22 Md. 274, and a number of other cases both in Maryland and Massachusetts. See, also, Bell v. Gibson, 71 App. Div. 472, 75 N. Y. Supp. 753, and Colrick v. Swinburne, 105 N. Y. 503, 12 N. E. 427.

The cases cited and relied upon by the defendants are not in conflict with the rule as above stated. The difficulty with their contention is that they fail to distinguish between an obligation which is continuing and one which is not.

The case of Brown v. Houdlette, 10 Me. 399, decided in 1833 by a divided court, is based upon the theory that the obligation was not a continuing one.

Wood, in his work on Limitations (Ed. of 1901) p. 401, analyzes the case of Brown v. Houdlette, and distinguishes it from a case where the obligation is continuous. He says, after stating the doctrine of the Brown Case:

"But in an act upon a bond where the liability is continuous, and arises for each breach, as a bond given to a sheriff by his deputy, conditioned for his faithful performance of his duties as such, the statute only runs from the date of each breach, and a recovery may be had as to breaches not barred, although the statute has run as to others. Austin v. Moore, 7 Metc. (48 Mass.) 116."

The other case principally relied upon by the defendants is Davis v. Brown, 98 Ky. 475, 32 S. W. 614, 36 S. W. 534, decided upon the authority of the case of Brown v. Houdlette. In the Kentucky case the court said, page 492 of 98 Ky., page 537 of 36 S. W.:

"We do not think that the contention that each sale of a buggy constituted a distinct cause of action for which suit might be brought is supported by sound reason or by the weight of authority. * * * The alleged contract relied on by appellee was an entirety, viz., that appellant would cease selling, and not again engage in that business," etc.

· In the case of Deposit Bank v. Hearne, 104 Ky. 819, 48 S. W. 160, decided three years later in the same court, the foregoing cases of Brown v. Houdlette and Davis v. Brown were submitted to the court, but the court declined to follow their doctrine on the ground that they were not continuing guaranties.

In the case of People ex rel. Hill v. United Surety Co., 120 App. Div. 656, page 657, 105 N. Y. Supp. 72 at page 74, which was cited by the defendant, and which was an action upon an excise bond, the court said:

"The certificate in question was revoked because of the sale of liquor to minors. For that violation of law both the principal and the surety became liable for the full amount of the bond. In addition thereto the principal might be made liable under section 34 of the act to a fine in a criminal action, and under section 42 to a penalty in a civil action. The principal might also be liable indefinitely for fines and penalties for other violations, the amount of which liability would depend only on the number of such violations. Those fines and penalties might also be recovered by the state commissioner of excise against the surety under the provisions of the bond, but the extent of any recovery against the surety would be limited by the amount of the bond." Lyman v. Shenandoah Social Club, 39 App. Div. 459, 57 N. Y. Supp. 372; Lyman v. Rochester Title Ins. Co., 37 App. Div. 234, 55 N. Y. Supp. 770.

In Lyman v. Shenandoah Social Club, 39 App. Div. 459, 57 N. Y. Supp. 372, the court maintained that, if the excise commissioner chose to sue for the criminal fine, he could do so and collect the amount of any such fine from the surety, or he could sue for the full penal sum of the bond; that the bond was clearly intended to cover the two contingencies and the two remedies. It follows, therefore, that the liability of the defendants clearly did not cease upon the first violation of the bond, but that it continued to exist in accordance with the terms of the contract during the life of the liquor tax certificate, and that the defendants are liable for the violations thereof not barred by the statute. Motion to set aside verdict is denied.

Motion denied.