THE STATE, TO USE OF SQUIRE & REED, Respondent, v. BIRD & GILBERT, Appellants.

1. In an action against the sureties in a constable's bond, the judgment was, under the circumstances, reversed for the refusal of the court below, in the exercise of its discretion, to permit the defendants, after a motion to dis-miss overruled and before judgment by default, to file their answer setting up lapse of time as a bar.

2. Where a statute creates an absolute bar by the mere lapse of time, without any exception, the defence may be made by demurrer, if the necessary facts appear in the petition.

3. The admissions of a constable, forming no part of the *res gestæ*, are not evidence against his securities.

*Appeal from Weston Court of Common Pleas.*

This was an action begun September 15, 1854, against Stevens and his securities, upon his official bond as constable. It appeared from the petition that the bond was dated August 7, 1851; that it recited the appointment of Stevens as consta-ble in the place of one Patton, removed, and was conditioned in the usual form of a constable's bond. There was no allega-

State, to use of Squire & Reed, v. Bird.

tion as to the time when Stevens' term of office expired. The breach assigned was, that the constable had received from the beneficial plaintiffs a note against one Davis for collection, had collected the money, and failed to pay the same over on demand.

The history of the proceedings up to the time of judgment against Bird & Gilbert, the securities, for want of an answer, is sufficiently stated in the opinion of the court. Upon the assessment of damages, the plaintiffs were allowed to prove an admission by Stevens to Doniphan, made during the pendency of a suit on the note against Davis, which Stevens had employed Doniphan to conduct, that he had collected the money; and to the admission of this evidence, the defendants, Bird & Gilbert, excepted. After final judgment against them, they appealed to this court.

*H. M. Vories,* for appellant. 1. The petition was insufficient. The law positively declares that no suit shall be brought against the securities of a constable on his official bond, unless the same is brought within two years after the expiration of his term of office. (R. C. 1845.) In this case, it appeared on the face of the petition that more than two years had elapsed after the expiration of the term for which Stevens was appointed constable, as the court is bound to know the law which fixes the term for which constables are elected. 2. The defendants should have been permitted to file their answer after the motion to dismiss was overruled. The plaintiff had waived his right to object to the time within which the motion was filed, by consenting to a continuance. 3. The admissions of Stevens to Doniphan were not admissible evidence against the defendants, Bird & Gilbert. (2 Phill. on Ev. 669, 671, 673; Hotchkiss v. Lyon, 2 Blackf. Rep.; 3 Har. & McH. 242; 5 Esp. 26; 3 Bouvier's Inst. 364; Starkie's Ev. tit. Admissions; 1 Greenl. Ev. § 187, 188.)

*Abell & Stringfellow,* for respondent. 1. The motion to dismiss was properly overruled, both because it was filed too late, and because the statute of limitations can only be taken

advantage of by answer. 3. The court will not interfere with the discretion exercised by the court below in refusing to permit the answer to be filed, as it can not see the reasons which operated on the mind of the court. The statute of limitations is an iniquitous defence, and is not favored. 3. The admissions made by Stevens, while he had the management of the suit for the collection of the money, were a part of the *res gestæ*, and were admissible.

LEONARD, Judge, delivered the opinion of the court.

At the return term no proceedings were had, except a single entry, postponing the case to another day. At the next term, the defendants filed a motion to dismiss, because it appeared upon the petition that the suit was commenced more than two years after the expiration of the constable's term of service, and the motion and suit were, by agreement of the parties, both postponed until the next term—the plaintiff, at the same time, taking an order for an alias writ against the constable, who had not yet been served. At the succeeding term, the motion to dismiss was overruled, and the sureties, no default having been taken against them, immediately presented an answer setting up the same defence, and asked leave to file it, which was denied, and judgment, for want of an answer, given against them. The plaintiff then discontinued as to the constable, who had been served with process since the last term, and the court proceeded at once to assess the plaintiff's damages.

The judgment will be reversed because the defendants were not allowed to make their defence. In matters of discretion, and this was certainly of that character, we do not interfere, except it appear clearly to us that the court has erred in the exercise of it, to the manifest injury of the complaining party, and such, we, think, was the case here. The purposes of justice will be best subserved by allowing a party to file his answer at any time before his default has been acted upon, in all cases when he has a real defence to make, and it will not create

delay in the determination of the cause, or prejudice the just rights of the plaintiff, and there is no reason to believe that the failure to answer was wilful, or for any improper purpose. And it seems to us that every thing concurred here to require the court to allow the answer to be filed. Indeed, no ground has been suggested, nor does any occur to us why it should not have been done. We remark, without however expressly deciding the matter, that the statute ("Constables," section 6) upon which the defendants rely, seems to create an absolute bar by the mere lapse of two years, without any exception; and the rule of law, in such cases is, that the defence may be made by demurrer, if the necessary facts appear upon the pleading. (Fellow v. Lee, 2 Barb., S. C., 490; Humbert v. Trinity Church, 7 Paige, 195; and Hook v. Whitlock, Id. 373, and cases there cited.)

It is very true there was no reason or authority for substituting a motion in lieu of a demurrer, and the defendants' motion was clearly an improper mode of making their defence, even if the necessary facts appeared upon the petition. The difference, however, between the two is more formal than substantial; it was manifestly a mere slip here, in the party, as to the proper mode of presenting the defence; it was not excepted to at the time by the plaintiffs, but was rather acquiesced in by them, and no delay would have resulted from allowing it to have been made by answer.

We do not feel ourselves at liberty to denounce the defence as unconscionable—entitled to no indulgence—and available only to a party keeping himself strictly within the rules of law. These defendants were not endeavoring to avoid the payment of their own debt by the mere lapse of time, but were defending themselves against the heavy penalties inflicted upon them, as the constable's sureties, for an alleged breach of his duty, by insisting upon the plaintiff's omission to institute their suit within the time allowed by statute, under which the plaintiffs themselves claim the penalty. When they entered into this bond, it might very well have been their understanding, if not part of

their contract created by the law, that they should continue liable during two years from the expiration of the term of service, and no longer, unless called to account within that time, and they might have willingly entered into such an undertaking, when they would have at once refused to become responsible for an indefinite period of time. But we need pursue the subject no farther, except to observe that, by the statute, the constable is to continue in office until his successor is elected and qualified, and not for two years only ; and so it does not certainly appear from the petition at what time the constable's term of service expired, and that had this been otherwise, the defendants would have had the benefit of their objections to the petition here upon the overruling of their motion.

The other points in the case need not be decided; but it may not be improper to remark that the constable's admission, made to Doniphan, was clearly inadmissible against them; this conversation was no part of the *res gestæ*—the collection of the money, which was the official act of the officer, for which the plaintiff sought to recover against his securities, but was merely a narration of that affair — certainly, good evidence against himself, as his own admission of what he had transacted, but not against others, although they were bound for him in reference to the act to which the conversation related. (Greenl. Ev. § 187.)

Judge Ryland concurring, the judgment is reversed, and the cause remanded.