CITY OF ST. LOUIS, Respondent, v. FOSTER & WEST, Appellants.

1. A superintendent of water-works in the city of St. Louis, appointed and acting under the city ordinance No. 2288, (Rev. Ord. 1850, p. 160,) received from the city register blank water-licenses, with the respective amounts stated therein, to be issued by him to individuals from whom it was his duty to collect, and pay over to the city treasurer the sums called for in such licenses; held, that *prima facie* he became chargeable with the whole amount called for by the blank licenses so received by him, although the city auditor, not having received from the city register one of the duplicate receipts which it was the duty of the register to have required of the superintendent for the blank licenses delivered, had not charged said licenses to the superintendent as required by the above mentioned ordinance.

2. In an action on an official bond against the principal and sureties, the admissions of the principal, made after the expiration of his term of office, are inadmissible in evidence against the sureties.

*Appeal from St. Louis Court of Common Pleas.*

Foster, one of the defendants in this suit, was superintendent of water-works of the city of St. Louis for two successive terms of one year each, ending the first Monday of June, 1853, and as such executed the two bonds upon which this suit is brought, with West as his security in each bond. The petition contained separate counts upon each bond. It appeared in evidence that during these two terms of office, Foster, as superintendent of water-works, received from the city register blank water-licenses to a large amount; that a portion of these blank licenses were returned to the city register; that the amount paid by said Foster to the city treasurer, as the amount collected by him upon the blank licenses filled up and issued by him to individuals, left a portion of the blank licenses received by him from the register unaccounted for. There was no evidence showing that any of these blank licenses unaccounted for by Foster were ever issued by him to individuals, or by any one authorized by him; nor did it appear that he had ever received any money upon said blank licenses.

10—VOL. XXIV.

The ordinance of the city (see Rev. Ordinances, art. 6, sec. 2, p. 168,) made it the duty of the superintendent of water-works, among other things : "*Fourth*, to issue licenses to individuals for water from the water-works, and collect the charges therefor, and to pay to the city treasurer, on every Saturday, all moneys received by him for water licenses during the previous week. *Fifth*, to report to the city auditor, under oath, every three months, all licenses issued by him, and the amounts received therefor, and the payments made by him into the city treasury ; and, at the same time, produce to the auditor all blank licenses then in his hands, and settle the account for the quarter."

Article 7 of said ordinance contained the following provisions : " Sec. 1. Blank water licenses shall be furnished by the city register to the superintendent of the water-works as often as he may request, to be issued as hereinafter provided. Sec. 2. The register shall keep a register of all licenses so furnished, and shall take duplicate receipts therefor, one of which he shall immediately deliver to the city auditor, to be charged to the superintendent of the water-works."

No receipts whatever were taken by the city register at the time the blank licenses were delivered to the superintendent ; consequently none were delivered to the auditor by the register, as required by the above cited ordinance. As no receipts for the blank licenses were delivered to the auditor, he did not charge the superintendent therewith. The superintendent never made a quarterly report to the auditor, under oath, as required by the ordinance.

The cause was tried by the court sitting as a jury, and the court having found on one of the *counts* of the petition a balance in favor of the plaintiff, and upon the other *count* a balance in favor of the defendant, these sums were set off against each other, according to the stipulation of the parties, and a judgment rendered against the defendants, Foster and West, for the sum of $2753 06.

*Krum & Harding* and *Glover & Richardson*, for appellants.

I. The court should have reviewed the finding, for it is assumed that Foster received the number of licenses charged against him in the register; the only evidence that he delivered any of them to applicants and received the water rates for those so issued, was given by his collectors, and, according to their testimony, all the money that he received for licenses issued was fully accounted for to the city. The licenses themselves were of no value, or least but *nominal*, until they were issued, and the burthen of proving that they were issued rested on the plaintiff.

II. The case made by the averments contained in the plaintiff's petition, is for *money had and received to the use of the city*—that is to say, the averments in the petition are distinct to the effect that Foster issued the number of licenses charged against him (except what he returned), and that he received the rates or money for them. There is a complete failure of proof on both these points.

III. The court finds the fact that the plaintiff failed to prove that Foster or his collectors ever collected or received any money for licenses which have not been accounted for before this suit. The very gist of this action is, that Foster collected money for licenses and failed to account for it; and when the fact is found that he has not done so, or rather when the proof is not sufficient to establish this material fact, judgment should have been for the defendants.

IV. The finding of the court to the effect that there was no proof that Foster or his employers ever collected or received any money upon licenses furnished by the register, which he had not accounted for before suit, and that there was no proof that any of said licenses unaccounted for had ever been issued, is tantamount to finding that Foster had accounted for and paid to the city all moneys collected and received by him for water licenses. The judgment of the court, therefore, (being for the plaintiff,) is erroneous.

V. On the facts under the pleadings in this case, the superintendent is not liable for the nominal sums specified in the blank licenses delivered to him—the same as so much money collected by him. It is not charged in the petition, nor is it shown in the evidence, that the plaintiff sustained any *special* damage by reason of the superintendent's failure to return blank licenses, or by reason of any other neglect of duty on his part.

VI. If the register had taken duplicate receipts from Foster and filed one with the auditor as required by the city ordinance, then the amount might been charged against Foster as so much money to be accounted for either in money or blanks returned. But this was not done ; and, as it is only by virtue of the ordinance that the blanks become a money charge, the plaintiff was not entitled to recover without proving that money was received on the blanks. Foster never gave any receipts—never was present when the licenses were issued—never assented, actually or constructively, to the data on which the blanks were charged to him as money. The plaintiffs deemed it necessary to show therefore that he received money. The plaintiff's petition derives no aid from the ordinance. It relies on the principles of the common law, and must be sustained by them or fall. But the common law does not recognize the entries either of the register or auditor in this case as evidence of themselves ; not being made according to law, they do not fall within any implied assent of Foster to be bound by them. The case of Draffen v. Boonville, (8 Mo. 395,) was relied on by the court below to sustain the ruling. It establishes nothing against my position. That case went on the authority of United States v. Eckford, (1 How. 263,) which holds that charges made up by the accounting officer, according to law, are evidence; not otherwise. The doctrine rests on an act of Congress. (Smith v. United States, 5 Pet. 292 ; United States v. Buford, 7 Pet. 29 ; Cox & Dick v. United States, 6 Pet. 202 ; United States v. Jones, 8 Pet. 374; Gilpin D. C. R. 47.)

*W. L. Williams*, (city counsellor,) for respondent, cited

Draffen v. City of Boonville, (8 Mo. 395;) United States v. Eckford's Exc'r, (1 How. 263.)

LEONARD, Judge, delivered the opinion of the court.

The questions to which our attention has been mainly called in the present case are the competency, as against West the security, of Foster's admissions, made after the expiration of his term of service, and the sufficiency of the proof of the delivery and receipt of the water licenses to make out a *prima facie* case against the defendants of money had and received to the use of the city.

It was the duty of the city register to deliver to the superintendent blank water licenses from time to time, as the latter should require them, and to take duplicate receipts therefor, one of which he was required to file with the city auditor, whose duty it was thereupon to charge the superintendent with the amount thereof. The duty of the superintendent was to issue the licenses to the applicants, receive the money therefor, and pay the same weekly into the city treasury. He was also required to report quarterly, under oath, to the city auditor, all licenses issued by him, the amount received therefor, and the payments made by him to the treasurer, and to exhibit at the same time to the auditor the unissued licenses, and to settle the preceding quarter's account between himself and the city. None of these things, it seems, were done; none of these officers discharged their duties as required by the laws of the city; and it is argued that, although if the charges had been duly made in the auditor's office, they would have been good evidence against the superintendent that he had received the money upon the licenses that were unaccounted for, yet that no such presumption arises here against the superintendent, the other officers having failed to discharge their duties, in this particular, as required by the ordinances of the city. We do not feel the force of this argument. If all the officers, engaged in these transactions, had properly discharged their duties, then

no doubt the charges on the auditor's books against the defendant would have been sufficient *prima facie* evidence against him of indebtedness for the balance due upon the licenses delivered, after deducting the amount paid by him into the treasury, and the unissued licenses exhibited by him to the auditor. But we do not see how the failure of the register or auditor to do their duty excused the superintendent from making to the auditor the quarterly report of money received by him, and of the money paid into the treasury, accompanied by an exhibition of the licenses remaining in his hands unissued; and his failure to do so, or to otherwise account for the unissued licenses, is sufficient *prima facie* evidence that he received the money upon all the licenses delivered to him, and it was therefore his duty upon the trial to account for all the licenses shown to have been received by him. Of course, this made out only a *prima facie* case against him, and he was at liberty to meet it by showing what had in fact become of the licenses upon which the money had not been paid into the treasury ; but, in the absence of such proof, the fair presumption, from the receipt of the licenses and the failure to account for them according to law, or otherwise, must stand.

The judgment, however, we think, must be reversed, because the court received in evidence against the surety, the admissions of Foster after the expiration of his term of service, made at the meeting of himself, Papin and others at the register's office, in June or July, 1853. Of course, all the official acts of the officer bind him and his security ; but his unofficial admissions, both oral and written, made after he was out of office, are not competent evidence against his security. (1 Greenl. Ev. sec. 187 ; Smith v. Whittingham, 6 Carr. & Payne, 78 ; Blair v. Per. Ins. Co. 10 Mo. 566 ; State v. Bird, 22 Mo. 470.)

The judgment is reversed, and the cause remanded.