MOSES BOYCE, Defendant in Error, *v.* WILLIAM CHRISTY, Plaintiff in Error.

1. *Apprentice — Action by an indenture — Bar of statute deemed waived, when.* —In an action by an apprentice upon an indenture given his master, brought more than two years after plaintiff became of age, defendant, if he fails to avail himself of the bar of the statute (Wagn. Stat. 187, § 17), either by demurrer or answer, will be held to have waived its benefits.

2. *Bonds, penal — Action on separate breaches — General judgment erroneous.* —Where an action on an indenture given to an apprentice counts independently on various breaches, and their investigation involves separate and inde-

pendent inquiries and findings, they should be held to be independent causes of action, although arising out of the same contract. A general verdict given in such a suit is erroneous, and judgment thereon may be arrested. Each count calls for a separate judgment, and the common-law rule of pleading can not apply under our statute (statute touching penal bonds, Wagn. Stat. 239).

### *Error to Fourth District Court.*

*Lipscomb & Anderson,* and *Givens & Merryhew,* for plaintiff in error.

I. This action was not brought until five years and six months had elapsed after Boyce arrived at the age of twenty-one years. Within two years from that time he could have sued, but not after that time. The law expressly forbids it. It is positively prohibitory. (Wagn. Stat., tit. "Apprentices," §§ 11–17.)

II. The finding for plaintiff was irregular, and the judgment should have been arrested and a new trial granted. (Fenwick v. Logan, 1 Mo. 401; Hickman v. Bird, *id.* 495; Mooney v. Kennett, 19 Mo. 551; Clark's Adm'r v. Hann. & St. Jo, R.R., 36 Mo. 215; Pitts v. Fugates, Adm'x, 41 Mo. 405.)

*Day & Spangler,* for defendant in error.

BLISS, Judge, delivered the opinion of the court.

The plaintiff, formerly an apprentice of defendant, some six years after he had arrived at majority, brought suit upon the indenture. The statute only allows such suits to be brought within two years after the apprentice comes of age, and for that reason the petition was demurrable; for it is well settled that when the statute creates a bar by lapse of time, and the petition shows that the time has elapsed, the defense may be made by demurrer. (State v. Bird, 22 Mo. 470; McNair v. Lott, 25 Mo. 182; Van Hook v. Whitlock, 7 Paige, 373.) But the defendant failed to avail himself of the statute, either by demurrer or answer, and this being an action upon contract, its benefit was waived. (Benoist v. Darby, 12 Mo. 196; Sturgis v. Benton, 8 Ohio St. 215; Ang. Lim., § 285.)

The petition counts upon the indenture and charges various breaches in the form of independent counts, and the plaintiff

obtained a general verdict of $400, upon which judgment was rendered. Under our system such general verdict is erroneous, and judgment should have been arrested. Each count calls for a separate judgment, and the rule under common-law pleadings can not apply to petitions under our statute. (Mooney v. Kennett, 19 Mo. 551; Clark's Adm'x v. Hann. & St. Jo. R.R., 36 Mo. 202; Pitts v. Fugates, Adm'x, 41 Mo. 405; State v. Dulle, 45 Mo. 269.)

The plaintiff asks that the petition be treated as containing but one count, notwithstanding its form, inasmuch as the indenture was but a single contract. We might, perhaps, get over the form if there were really but one cause of action in the petition. But the breaches were separate and distinct: one charging a neglect in sending the apprentice to school; another in paying him money; others in other things. Their investigation involved separate and independent inquiries and findings on the part of the jury, and they should be held to be independent causes of action, although arising out of the same contract. The authorities upon this point are not altogether uniform, although there is a preponderance in favor of our view. The State v. Davis, 35 Mo. 406, was an action upon a sheriff's bond, and the court held that the various breaches constituted but one cause of action. This point in the case was not noted in our only digest, and its decision failed to be considered by us when the question was subsequently raised. In Howard v. Clark, 43 Mo. 347, and in The State v. Dulle, 45 Mo. 271, the opposite view is held, and seems to us to be well founded.

The other judges concurring, the judgment is reversed and the cause remanded.