THE STATE *ex rel.* MATNEY *et al., Appellants,* v. SPENCER.

1. **Execution**: LIABILITY OF SHERIFF FOR FAILING TO ENFORCE BID. A sheriff who fails to collect the amount of a bid made at execution sale, is *prima facie* liable to the execution debtor as for a neglect of duty. If the bidder was irresponsible, it devolves upon him to show it.

2. ———: ———: LIMITATION. Three years, and not ten, is the statutory period of limitation against the liability of a sheriff for failure to collect money due on execution sale, and the time runs from the day of sale.

3. **Statute of Limitations**: PLEADING. In order to avail himself of the bar of the statute of limitations appearing on the face of the petition, the defendant must demur specially. A general demurrer will not do.

*Appeal from Buchanan Circuit Court.*

REVERSED.

*Ramey & Brown* for appellants.

*Joseph P. Grubb* and *Spencer & Hall* for respondents.

HENRY, J.—This action was commenced in Buchanan circuit court against Spencer and his co-defendants, sureties, on his official bond as sheriff of said county.

The petition, omitting formal parts, alleges: That said James L. Spencer has failed to pay said $50,000, the penalty mentioned in said bond, nor has he performed the conditions thereof, but so to do has failed in this: that whilst acting as sheriff as aforesaid, two executions were issued against relators from the circuit court of Buchanan county, and directed to said Spencer, sheriff as aforesaid, and were delivered to him, and that he levied the same upon a large quantity of real estate as the property of relators; that said real estate was by him duly advertised for sale, and sold on the 31st day of August, 1877; that the said real estate consisted of lots in the city of St. Joseph, (particularly describing them,) and a tract of land in Buchanan

county; that the aggregate of the sale amounted to $5,013, which should have been applied on said execution, but that said sheriff failed to collect and so apply $1,459 of the amount, being the amount for which a portion of said real estate was sold to C. A. Mosman and Jno. C. Bender; that instead of applying said amount as a payment of said executions, said sheriff returned the executions unsatisfied, and afterward plaintiffs therein had other executions issued, directed and delivered to said sheriff, who levied them upon the property of relators, so sold as aforesaid, as well as all other property of relators, and under said executions said property was sold by the said sheriff, and was wholly sacrificed, bringing less than $10, and that in consequence of said sacrifice of said property it became necessary to sell, and said Spencer did sell, other property of relators at a loss to them of $2,500, and that by the failure of said Spencer to apply the said sum of $1,459, as a credit and payment of said first executions, they were compelled to pay interest on said judgment and had been otherwise damaged to the sum of $2,500.

To this petition defendants filed a general demurrer, on the ground that it did not state facts sufficient to constitute a cause of action against defendants. The court sustained the demurrer and rendered judgment for defendants, from which this appeal is prosecuted.

If an officer sell property on an execution and fail to apply the proceeds received to its payment, he and his sureties are liable to the plaintiff in the execution, which is, to the amount of the proceeds of the sale, satisfied, as between the plaintiff and the defendant in the execution. Gwynne on Sheriffs, 438, and cases cited. If property is sold by the officer under an execution, and the purchaser refuse to pay the amount bid for the property, "the officer making the sale may again, at the same term, re-sell such property to the highest bidder, or he may re-sell the property on a subsequent day as though no previous sale of the property had been had; and if any loss shall be occasioned thereby, the

officer shall recover the amount of such loss with costs, by motion before any court or before any justice of the peace, if the same shall not exceed his jurisdiction." 1 Wag. Stat., § 46, p. 610.

The obvious meaning of the language of the petition is, not that the sheriff failed to apply money collected, but that he failed to collect the amount of $1,459, for which portions of the real estate were sold. It was the duty of the sheriff to sell and collect the amount bid for the property. A failure to do so was a neglect of duty, and if he had an excuse in law for not collecting the money for which he sold the property, it is for him to show it. If the sale was made to parties who refused or were unable to pay the amount bid by them for the property, we think it devolves upon him to show it, as, if sued for failing to return an execution, it is not incumbent upon the plaintiff to anticipate his defenses and meet them, but, if he has a lawful excuse for his failure, it devolves upon him to plead it.

*1. EXECUTION: liability of sheriff for failing to enforce bid.*

It appears from the petition that the sale under the first execution was made October 31st, 1877, and this suit was not commenced until December, 16th, 1880, more than three years after the sale. The sheriff's duty was to sell for cash, and it was his right and duty to demand of the bidders the amounts bid by them, respectively, on that day. And, therefore, the statute commenced running on the day of the sale. That three, and not ten years, is the limitation. *State ex rel. v. Minor,* 44 Mo. 374; *Kirk v. Sportsman,* 48 Mo. 383; *Lesem v. Neal,* 53 Mo. 419.

*2. ———: ———: limitation.*

When the statute creates an absolute bar by the mere lapse of time, without any exception, the defense may be made by demurrer if the necessary facts appear upon the pleading. *State to use, etc., v. Bird,* 22 Mo. 473. Our statute of limitations is a bar, if the defendant will avail himself of it, but if he answer without pleading it, although it appear upon the face of the

*3. STATUTE OF LIMITATIONS: pleading.*

petition that the time prescribed by the statute elapsed before the suit was commenced, the court will take no notice of it, and plaintiff will recover if defendant fail to make out the pleaded defense. The statute provides that "the demurrer shall distinctly specify the ground of objection to the pleading; unless it does so it may be disregarded." In *Alnutt v. Leper*, 48 Mo. 320, Bliss, J., said: "The statute is imperative, that the demurrer shall specify the ground of objection to the pleading, and when so specified the court will not take notice of other objections." In *McClurg v. Phillips*, 49 Mo. 316, the demurrer, as in the case at bar, was general, that the petition did not state a cause of action. It was claimed that it was properly sustained, because of an improper joinder of causes of action, but the court said, (Bliss, J.): "This reason was not named in the demurrer, and, therefore, should not have been considered, even if the objection were a good one. 'The demurrer shall,' etc., (quoting the statute). 'May,' in this connection, means 'should,' and we will only look to the objections specified." See also *Cheely v. Wells*, 33 Mo. 106. Judge Bliss, in his valuable work on Code Pleading, seems to approve the ruling of the supreme court of California, on a similar statute, announced in *Kent v. Snyder*, 30 Cal. 672, as follows: "Whenever the defense is of the nature of a special privilege, of which the party can only avail himself by pleading it, then his pleading, whether by demurrer or answer, must specify the ground of his defense." Our conclusion is, that while a defendant may demur to a petition, either at law or in equity, which shows upon its face that the cause of action is barred by the statute of limitations, in a suit at law, whatever may be the rule in equity, it must be a special and not a general demurrer, as distinctly held in 33, 48 and 49 Mo., *supra*.

The judgment is reversed and the cause remanded. All concur.