### BELLEVILLE SAV. BANK v. WINSLOW.

*(Circuit Court, E. D. Missouri, E. D.   April 25, 1887.)*

1. PARTNERSHIP—JUDGMENT AGAINST—SUIT AGAINST PARTNER.
    Under Rev. St. Mo. 1879, § 658, which provides that "all contracts which, by common law, are joint only, shall be construed to be joint and several," in a suit upon a judgment recovered against a firm, all the partners are not necessary parties.

2. LIMITATION OF ACTION—PLEADING.
    In Missouri, advantage cannot be taken of the statute of limitations otherwise than by plea, except in those cases where the statute creates an absolute bar by lapse of time, without any exception.

At Law. Demurrer to petition.
*Charles W. Thomas,* for plaintiff.
*J. W. Hamill* and *Henry W. Bond,* for defendant.

THAYER, J. The first count of this petition is upon a judgment recovered in the Southern district of Illinois against the defendant and one James H. Wilson, who were partners, and as such, under the firm name of Winslow and Wilson, contracted the debt out of which the judgment arose. Winslow has been sued alone upon the judgment. There is a

demurrer to the first count for the reason that Wilson is not joined as a party defendant, the theory of the demurrer being that both parties must be joined in the action, inasmuch as the suit is founded on a joint obligation. But in the state of Missouri, by statute long since adopted, "all contracts which, by common law, are joint only, shall be construed to be joint and several." Rev. St. Mo. 1879, § 658. It follows, therefore, that the defendant may be sued alone in this jurisdiction, as upon a several contract, and that the demurrer is not well taken. The second count of the petition is upon a contract of guaranty of a promissory note executed by Winslow and Wilson under date of August 29, 1874. The suit having been filed December 31, 1886, more than ten years thereafter, there is a demurrer to the second count, for that the action appears to be barred by the statute of limitations. Undoubtedly, the Missouri statute of limitations is applicable to the case, but, as we understand the rule of procedure in Missouri, advantage cannot be taken of the statute of limitations otherwise than by plea, except in those cases where the statute creates an absolute bar by lapse of time, without any exceptions.

The case of *State* v. *Bird*, 22 Mo. 470, appears to have been the first case in this state in which the statute of limitations was invoked by demurrer. In that case the action was on a constable's bond, as to which the statute created an absolute bar to an action by lapse of two years without any exception, and it was held to be proper to entertain a demurrer in that case, solely on the ground that the bar was absolute, without any exception, after the lapse of two years.

The next case in order of time was that of *McNair* v. *Lott*, 25 Mo. 190, in which case it was held, substantially, that the statute could not be invoked by demurrer, except in those cases "where it plainly appears that plaintiff's case is fully stated, and it is clear that he cannot recover" by reason of lapse of time.

In the case of *Boyce* v. *Christy*, 47 Mo. 70, cited by defendant, the action was upon an indenture given by a master to his apprentice. As to this class of instruments, the statute creates an absolute bar, without any exceptions, after the lapse of two years. Rev. St. Mo. § 4091. In deciding that case, and holding the petition to be demurrable, the court refer to the former decision (*State* v. *Bird*, 22 Mo. 470,) as controlling authority.

In a still later case, that of *State* v. *Spencer*, 79 Mo. at page 316, the supreme court restate the rule in *State* v. *Bird, supra,* as follows: "When the statute creates an absolute bar by the mere lapse of time, without exception, the defense [of the statute] may be made by demurrer, if the necessary facts appear upon the pleading."

There is one other case, *Henoch* v. *Chaney*, 61 Mo. 129, in which a general statement is made to the effect that, "when the petition upon its face shows that the time has elapsed in which suit may be brought, the defect may be reached by demurrer;" but, as the above-cited case of *Boyce* v. *Christy* is alone referred to in support of the proposition, it is manifest that the court merely intended to reaffirm the doctrine of the preceding cases, namely, that a demurrer will lie in those cases only where

the statute of limitations applicable to the case creates an absolute bar without exception, and the fact that such period has elapsed clearly appears from the face of the petition. If the statute of limitations applicable to a given case is the general statute of limitations, and the bar of the statute may be avoided by any one of the numerous exceptions mentioned in the act, it is certainly more logical to require the defense of the statute to be taken by plea, and such seems to be the meaning of the Missouri decisions heretofore cited.

The demurrer to the second count will accordingly be overruled, and the defendant will be held to make the defense of the statute by plea instead of by demurrer.

Twenty days will be allowed to file a plea or answer.