G. S. MADDOX, Appellant, v. M. Y. DUNCAN, Respondent.

St. Louis Court of Appeals, January 29, 1895; Motion for Rehearing Overruled May 14, 1895.

1. Statute of Limitations: PROMISSORY NOTES: EFFECT OF PAYMENT BY MAKER ON INDORSER'S LIABILITY. A payment made on a promissory note by the maker will arrest the running of the statute of limitations in favor of an indorser who has waived demand and notice, the latter holding, in effect, the position of a joint maker.

2. ——: PLEADING. The statute of limitations can not be invoked by demurrer to a petition, unless it distinctly appears on the face of the petition that the action is necessarily barred, as in cases in which the statute creates a bar without exception.

*Appeal from the Audrain Circuit Court.*—HON. E. M. HUGHES, Judge.

REVERSED AND REMANDED.

*R. D. Rodgers* and *W. W. Fry* for appellant.

*M. Y. Duncan* and *Geo. Robertson* for respondent.

ROMBAUER, P. J.—The plaintiff appeals from a judgment against him on demurrer to his petition.

The petition contains two counts, the one charging the plaintiff as indorser, and the other charging him as guarantor of a promissory note. The following facts appear by the face of the petition. The defendant was payee of the note and in August 1877, assigned the same to one Grant by the following written indorsment: "Waiving notice, protest and demand, I assign the within note to Samuel Grant for value received, and I guarantee the payment of it." Grant assigned the note to the plaintiff in June, 1891. The note became due June 4, 1880, and the present suit was instituted in May, 1894.

The petition also states that payments were made, indorsed and credited on said note in 1879, 1880, 1883, 1888, 1889, 1891 and 1894, but it does not state by whom such payments were made. The demurrer was interposed on the ground that it appears on the face of the petition that the plaintiff's cause of action accrued more than ten years prior to the institution of the suit, and, hence, that the claim is barred by the statute of limitations.

No point is made on this appeal touching the manner in which the defense of the statute is raised, nor is any point made on the fact that it does not appear by whom the payments were made. For the purpose of this appeal it is assumed that the defense was properly raised by demurrer, and that all the payments were made by the maker of the note. The only point presented for our consideration is whether, under the facts above stated, payments made by the maker of the note were sufficient to arrest the running of the statute in favor of the defendant.

The statute of this state, after first providing in preceding sections that an action barred by the statute may be revived by the written promise or acknowledgment of the debtor, but that the promise of one of two

joint contractors, or of one of two joint administrators, shall have no effect on the liability of his co-promisor or co-administrator, proceeds to enact section 6795: "Nothing contained in the two preceding sections shall alter, take away or lessen, the effect of a payment of any principal or interest made by any person."

In *Craig v. Callaway County Court*, 12 Mo. 94, this section first received judicial construction. It was there held by a majority of the court, following the ruling made by Lord MANSFIELD in *Whitcomb v. Whiting*, 2 Douglas, 652, that a payment made by one joint promisor is sufficient to bind them all. Judge Mc-BRIDE, in an able dissenting opinion, demonstrated the logical fallacy of this position, and claimed that Lord MANSFIELD's ruling had been subsequently repudiated by able judges on both sides of the Atlantic. In *Leach v. Asher*, 20 Mo. App. 656, and *Zervis v. Unnerstall*, 29 Mo. App. 474, we reviewed the decisions in this state on that subject, and were forced to conclude that the rule as stated in *Craig v. Callaway County Court, supra*, was the rule prevailing in this state, whatever the rule may be in other jurisdictions. In the *Craig case* the payment was made by the principal, and it was held effectual to bind the surety. Such was the decision likewise in *Lawrence v. Dunkle*, 35 Mo. 395. The tendency of subsequent decisions in this state was rather to enlarge than to restrict the power of persons thus to bind their co-obligors. Thus, in *Bennett v. McCanse*, 65 Mo. 194, it is *intimated* that, if payment is made by anyone authorized to make it, such payment will arrest the running of the statute as against all the parties to the paper. *Bender v. Markle*, 37 Mo. App. 234, 248, goes still further, and holds that that point was so *decided* in *Bennett v. McCanse, supra*.

It is true that, in view of the preceding sections of the law which negative the right of even a joint maker

to affect the rights of his co-maker by a formal written promise, the holding that he can affect such rights by a nominal payment seems illogical. This distinction, however, has always been recognized in this state, and is emphatically recognized in *County of Vernon v. Stewart*, 64 Mo. 408, and we are bound to recognize it, whatever our individual views as to its soundness may be.

Applying the rule to the facts of the case before us, we must conclude that the demurrer was improperly sustained, assuming, as seems to be conceded, that the payments were made by the maker of the note. The defendant by his indorsement became in effect a co-promisor upon nonpayment of the note at maturity. He could have been sued as such at any time after maturity of the note either severally or jointly with the maker. It is true that he could not, under the decision of *Miller v. Mellier*, 59 Mo. 388, give notice to the holder to sue, and thus discharge himself upon the failure of the holder to do so, but in all other respects he could not claim a position more favorable than if he had been a surety in terms. As the case falls within the rule established in the cases hereinabove cited, we are bound to hold that payments made by the maker were effectual to arrest the running of the statute in favor of the defendant.

The judgment is reversed, and the cause remanded. All concur.

ON REHEARING.

ROMBAUER, P. J.—We continued this motion under advisement for some time, mainly for the purpose of ascertaining whether we could, upon re-examination, reach a conclusion which would enable us to certify the case to the supreme court on a divided

opinion. As neither of the judges feels warranted in declaring that the opinion is opposed to any decision of the supreme court, we are prevented from thus obtaining a review of the former rulings of that court, and are bound to abide by them as controlling our action. The mover complains that the opinion, in its discussion of the pleadings, assumes that the payments were made by James T. Carter, the maker, whereas the petition fails to allege by whom the payments were made. We assumed this, because it was so stated by both parties upon the oral argument, and because the plaintiff's printed argument in this court recited that there is no pretense by the plaintiff that any payment was ever made on the note by any other person *than the maker, Carter*. The mover entirely overlooks the fact that this assumption was made in favor of the demurrer, and not in favor of the petition.

The statute of limitations is an affirmative defense. Both at common law and under the codes it must be raised by plea or answer, except where the statute confers title, in which cases it becomes available under the general issue. From an early day an exception has been engrafted upon the rule in this state, and that is, that, where the statute creates a bar *without any exception*, the defense may be raised by special demurrer if the necessary facts appear upon the pleadings. In *McNair v. Lott*, 25 Mo. 182, it was said to be clear that a defense arising out of the statute of limitations could not be used by way of demurrer to an action at law. In *State to use v. Bird*, 22 Mo. 470–473; *Boyce v. Christy*, 47 Mo. 70, and *State ex rel. v. Spencer*, 79 Mo. 314, the above *exception* was recognized. But all these cases, as well as *Henoch v. Chaney*, 61 Mo. 129, and *St. Louis Gaslight Company v. City of St. Louis*, 11 Mo. App. 55, limit the objection by demurrer to cases where it distinctly appears by the

face of the petition that the action is necessarily barred.

Even under the rule in this state it was not for the plaintiff in his petition to allege facts from which it conclusively appeared that the cause of action was not barred. Unless the petition made a *prima facie* showing that the cause of action was barred, a demurrer would not lie. We would not be warranted in holding that a petition which alleges that certain payments were made, indorsed and credited on a note within the statutory period of limitation, *negatived* even *prima facie* a cause of action upon the note.

We have examined the authorities cited by the mover from the reports in this state on the main proposition discussed in the opinion, and find that they do not warrant a rehearing. We trust that, if this cause should be brought to this court again, after it has been tried upon its merits and the points in issue have been distinctly raised by the record, we may see our way to get an authoritative decision from the supreme court on the points involved. Our present decision goes no further than to hold that the demurrer to plaintiff's petition was improperly sustained.