MANTON DAVIS, Respondent, v. SAMUEL CARP, Appellant.

Springfield Court of Appeals, December 6, 1909.

1. **APPELLATE PRACTICE: Motion to Dismiss Appeal: Supplemental Abstract.** Where respondent files a motion to dismiss an appeal for the reason that the appellant's abstract failed to comply with the rules of the court and subsequently to the filing of respondent's motion, the appellant files a supplemental abstract which cures the defect in the original abstract, the motion to dismiss will be overruled.

2. **ATTORNEY AND CLIENT: Negligence of Attorney.** As a general rule, a party must be held responsible for the negligence of his counsel; but it does not follow that he shall, by reason of that fact, be in every case deprived of a right to a hearing upon the merits of his case.

3. **PRACTICE: Right to Plead Out of Time: Discretion of Trial Court.** Whether a party shall be allowed to plead out of time, is a question which rests largely in the discretion of the trial court and its discretion in that respect will not be interfered with by the appellate court, unless it shall appear that injustice has been done.

4. ———: ———: ———: **Rule to Govern Trial Courts.** The purposes of justice will be best subserved by allowing a party to file his answer at any time before his default has been acted upon in all cases where he has a real defense to make, and it will not create delay or prejudice the just rights of the plaintiff, and the failure to answer was not willful nor for any improper purpose. Record in this case examined and held that the trial court erred in striking out defendants answer and in refusing to let him plead out of time.

Appeal from Lawrence Circuit Court.—*Hon. F. C. Johnston,* Judge.

REVERSED AND REMANDED.

*H. H. Bloss* for appellant.

(1) A court commits reversible error where it strikes out an answer filed out of time, where the de-

fault has not been acted upon and where the defendant has a real defense to make and there is nothing to show that the failure was due to improper motives, and especially would the court err where, as in this case, there was no delay occasioned to the plaintiff by such failure or the slightest inconvenience, whatever, and the answer was filed by consent of court. Judah v. Hogan, 67 Mo. 252; State v. Bird, 22 Mo. 470; Pinkston v. Stone, 3 Mo. 119; State ex rel. v. Matlock, 82 Mo. 455. (2) Where a party litigant allows his adversary to proceed with the conduct of a case as though a pleading had been filed without taking advantage of such failure when he should have, he is afterwards estopped from taking advantage of such failure; especially, would that be true where, as in this case, the adversary was put to expense in preparing for the trial and evidence collected to prove all the issuable facts that were afterwards tendered by the answer which was filed by leave of court. Sanders v. Lacks, 142 Mo. 261; Hill v. Meyer Bros. Drug Co., 140 Mo. 439; Hansle v. Cannefax, 49 Mo. 295; Wells v. Electric Co., 108 Mo. App. 617; Winemiller v. Peterson, 65 Mo. App. 599; Nelson v. Wallace, 46 Mo. App. 199.

*Pearce & Davis, James A. Potter* and *I. V. McPherson* for respondents.

(1) The court committed no error in refusing to set aside the default judgment. The law in this State is well settled that to justify the court in setting aside a default judgment two things must appear clearly: first, that there was a good excuse for failing to file the answer within the proper time; and, secondly, that the party has a good defense to the action. Robyn v. The Chronical Pub. Co., 127 Mo. 390; Pry v. Railroad, 73 Mo. 123; Hoffman v. London, 96 Mo. App. 189; Parker v. Britton, 133 Mo. App. 275; Welch v. Mastin, 98 Mo. App. 273; Wilson v. Scott, 50 Mo. App. 329. (2) It is equally well settled by the decision in Missouri,

that the negligence, oversight or inadvertence of counsel or of the defendant is no excuse for failing to file an answer within the proper time. State to use v. O'Neill, 4 Mo. App. 221; Gehrke v. Job, 59 Mo. 522; Gilstrap v. Railroad, 50 Mo. 491; Boerstein v. Heinrichs, 24 Mo. 26; Edwards v. Watkins, 17 Mo. 273; Austin v. Nelson, 11 Mo. 192; Bosbyshell v. Summers, 40 Mo. 172; Palmer v. Russell, 34 Mo. 476; Webster v. McMahanet, 13 Mo. 585. (3) An appellate court will not interfere with the action of the trial court in refusing to set aside a judgment by default unless there has been a clear case of abuse of discretion on the part of the trial court. Judah v. Hogan, 67 Mo. 252; Tucker v. Insurance Co., 63 Mo. 588; Griffin v. Veil, 56 Mo. 310; Florez v. Uhrig's Adm., 35 Mo. 517; Jacob v. McLean, 24 Mo. 40; Parker v. Britton, 133 Mo. App. 275. The taking of depositions by respondent before the trial of the case in Lawrence County Circuit Court after appellant's default does not amount to a waiver of such default. Sec. 2877, Revised Statutes, 1899; Lewin v. Dille, 17 Mo. 64; Ex Parte Munford, 57 Mo. 603; Ex Parte McKee, 18 Mo. 599; Ex Parte Krieger, 7 Mo. App. 370; Ex Parte Livingston, 12 Mo. App. 80; The Orr & Lindsey Shoe Co. v. Hance, 44 Mo. App. 464.

STATEMENT.—Action on judgment begun in Christian Circuit Court, February 12, 1908, returnable to the August term, 1908, of said court. The judgment sued on was rendered in the City of Saint Louis, January 27, 1898. On the first day of the August term, 1908, Christian county, the plaintiff filed an amended petition in which it was alleged that for the last two years, defendant had been a non-resident of the State. On the same day the defendant, by order of the court, was granted leave to answer on the third day of the term. On the fourth day of the term, plaintiff filed an application for a change of venue, alleging prejudice of the trial judge, and the record shows that when this application

was taken up both plaintiff and defendant consented that the case should be sent to Lawrence county. The order was then made changing the venue to Lawrence county; transcript was made and sent to the clerk of the Lawrence Circuit Court. The cause was docketed for trial in that court on the first day of the July term, 1908, which was July 5. On that day, defendant, by leave of the court, filed an answer which was a general denial. The plaintiff then filed a motion to strike out this answer and for judgment on the pleadings, alleging as grounds therefor, that the defendant was in default by reason of the fact that he filed no answer in the Christian Circuit Court after having obtained leave to do so, and that time having expired he should not now be permitted to answer. Defendant then offered to file an amended answer in which he specially pleaded the Statute of Limitations and specially denied the allegation of plaintiff's petition that he had for two years been a non-resident of the State. On July the 2nd, depositions had been taken on the part of plaintiff in the city of Saint Louis after proper notice upon defendant. Defendant appeared at the taking of these depositions, and gave notice then to plaintiff that he would also take depositions; plaintiff waived service of notice, and after the plaintiff had closed, defendant, by his counsel, had himself sworn and his testimony was taken. It was also stipulated at the taking of these depositions as follows:

"It is stipulated and agreed that the depositions may be taken down in short-hand, afterwards transcribed and signed by the witnesses; all exceptions as to service of notice, time, etc., are hereby waived, and it is agreed that the depositions may be read in evidence at the trial of the cause, subject only to objections for materiality and relevancy." On the hearing of the motion by plaintiff to strike out defendant's answer and for judgment on the pleadings, the transcript from Christian county, the files in the case and the deposi-

tions taken in Saint Louis, were all offered in evidence. The court sustained the motion of plaintiff, struck out the answer of defendant, refused permission to defendant to file the amended answer which he tendered, and rendered judgment for plaintiff. Defendant has appealed.

COX, J.—Plaintiff has filed in this court a motion to dismiss the appeal for the reason that appellant's abstract fails to comply with the rules of this court. Since the filing of this motion, appellant has filed supplemental abstract. This is permissible. [Ricketts v. Hart, 150 Mo. 64.] And, as this supplemental abstract cures the defects of the original abstract, the motion to dismiss appeal is overruled.

The only question to be determined further in this case is whether the action of the trial court in striking out defendant's answer, and refusing him permission to file an amended answer and rendering judgment on the pleadings, should be sustained. That the defendant was in default by not having filed an answer within the time granted by the Christian Circuit Court is evident. His excuse for not doing so, as appears from this record, is that he employed counsel, who was there present in court, to represent his interests, and he supposed that an answer had been filed and all steps, necessary to protect his interests and secure him a trial, had been taken by his counsel, and only learned that an answer was not filed after the case reached the Lawrence County Court.

As a general rule parties must be held responsible for the negligence of their counsel, but it does not follow that he shall, by reason of that fact, be, in every case, deprived of a right to a hearing upon the merits of his case. Whether a party shall be allowed to plead out of time is a question which rests largely in the discretion of the trial court, and its discretion in that respect will not be interfered with by the appellate court unless it

shall appear that injustice has been done.   The rule by
which a trial court should be guided in matters of this
kind was well stated by LEONARD, Judge, in the case
of the State, To Use of Squires & Reed, v. Bird and Gil-
bert, 22 Mo. 470, and is as follows:

"In matters of discretion, and this was certainly of
that character, we do not interfere, except it appear
clearly to us that the court has erred in the exercise of
it, to the manifest injury of the complaining party. . . .
The purpose of justice will be best subserved by allowing
a party to file his answer at any time before his default
has been acted upon, in all cases where he has a real
defense to make, and it will not create delay in the de-
termination of the cause or prejudice the just rights of
the plaintiff, and there is no reason to believe that the
failure to answer was willful or for any improper pur-
pose."

In this case it was apparent upon the face of the
petition that unless the defendant had, as therein al-
leged, been for a portion of the time a non-resident of
the State, plaintiff's action was barred by the Statute
of Limitations.   It appears from the record in this case
that after defendant had made default in Christian coun-
ty by not having filed an answer within the time granted
by that court, plaintiff filed application for a change of
venue, defendant appeared at the hearing of this appli-
cation, and both plaintiff and defendant consented that
the case be sent to Lawrence county.   Only there days
before the date set for trial in Lawrence county, plain-
tiff had depositions taken for the purpose of trying to
show that defendant had been for some time a non-resi-
dent of the State; thus showing that he expected a trial
upon that issue.   After having required the defendant
to attend at the taking of depositions in his behalf upon
an issue that could only be raised by a pleading filed, and
could only be heard upon a trial of the case, and having
agreed at the taking of these depositions that they should
be read in evidence upon the trial subject only to the

objections of materiality and relevancy, it cannot be said that permitting the defendant to plead, and by his pleading put in issue the very fact which plaintiff had prepared himself upon, that any injury could be inflicted upon plaintiff thereby.

Our conclusion is that the court erred in refusing defendant permission to plead, and the judgment of the lower court is reversed and the cause remanded. All concur.