# CASES

## ARGUED AND DETERMINED

IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

FEBRUARY TERM, 1865, AT ST. JOSEPH.

———◄●●►———

THE STATE, TO USE OF DE HAVEN AND DEMING, Appellant, *v.* DAVIS *et als.*, Respondents.

1. *Practice—Demurrer.*—Where different causes of action of the same class (R. C. 1855, p. 1228, § 2) are united in the same count, the defect cannot be reached by demurrer but only by motion. (*Supra*, Otis v. Mechanics' Bank, p. 128.)
2. *Practice—Pleading—Penal Bond.*—In a suit upon an official bond, the various breaches assigned cannot be called the statement of several causes of action.
3. *Action—Official Bond.*—When the sheriff has collected upon executions the costs of printing orders of publication, the publishers have an action against the sheriff for the amount thus collected.
4. *Pleading—Parties.*—In a suit upon an official bond, the action is properly brought in the name of the State, to the use of the party injured.

### Appeal from Harrison Circuit Court.

Suit upon a sheriff's bond. Breach, that the sheriff had, upon divers specified executions, collected for the relators specified sums taxed for printing orders of publication.

Defendant demurred for the reasons—1. That several causes of action were united under one count; 2. That the

petition showed no cause of action in the relators; 3. That there was a defect of parties plaintiff.

The court sustained the demurrer and the plaintiff appealed.

*Lewis & Phillebaine,* for appellant.

*D. J. Heaston,* for respondents.

DRYDEN, Judge, delivered the opinion of the court.

1. The objection raised by the demurrer in this case, that several causes of action were improperly united in the petition, was not well taken. The provision of our code (R. C. 1855, p. 231, § 6) making the improperly uniting several causes of action a ground of demurrer, was borrowed from the New York code. The courts of that State have for a a long time held that the ground of demurrer in their code, corresponding to the one now under consideration in our code, has application to the union in the same petition of causes of action belonging to different classes contrary to the provisions of so much of their code as corresponds to § 2, Art. 6, of ours, and not to the union of several causes of action of the same class, whether in the same petition or the same count. Following this line of decision, we held in a case not yet reported (the title of which is not recollected), decided at the last spring term at St. Louis, that a petition containing but one count, based upon several promissory notes, although faulty, was not subject to demurrer; but the defect could be reached only by motion. We however think the petition in the case at bar is not obnoxious either to the objection that incongruous cases are united, or that more than one cause of action of the same class is embraced in one count. The official bond of the sheriff is the foundation of the action; and in no proper sense can the various breaches assigned be called the statement of several causes of action. True, each dereliction of duty may become a cause of action against the sheriff, but it is at the same time a breach of the condition of his bond; and it is as such breach and as show-

ing a right of action on the bond, and not as the statement of an independent cause of action, that such dereliction is averred in the petition.

2. Another point made on the demurrer and urged in the argument here, is that the title of the relators to the several sums of money, the non-payment of which to them by the sheriff is assigned as breaches, does not sufficiently appear by the petition. If the action was an action by the relators against the defendants in the executions on which the sheriff is charged to have made the collection for the value of the service they rendered in printing—not at the instance of said defendant, but for and at the instance of the plaintiffs in the executions—the objection would come with great force; but in an action against the sheriff, where it is alleged he had received and collected the fund for the relators, the same strictness ought not to be required. In the latter case, we think the relators' right to the fund sufficiently appears by the allegation, as in the case at bar, that the fund was due and payable to them as costs in the specified cases, and that the sheriff collected the same for them. If the relators are not the owners of the fund, the defendants may set it up in their answer and show it on the trial.

3. There is no merit in the objection that there is a defect of parties plaintiff. The suit being upon the official bond of the sheriff, it was necessarily brought in the name of the State, the obligee, as plaintiff.

The Circuit Court erred in sustaining the demurrer to the petition, and for this cause its judgment is reversed and the cause remanded. Judge Bay concurs.