Order affirmed, with costs; no opinion. All concur.

---

Supreme Court, New York Special Term. Reported, N. Y. L. J., June, 1898.

HENRY H. LYMAN *v.* PLYMOUTH SOCIAL CLUB AND AMERICAN SURETY COMPANY.

HENRY H. LYMAN *v.* UNITY LEAGUE AND AMERICAN SURETY COMPANY.

BISCHOFF, JR., J.: Actions by Commissioner of Excise against holders of liquor tax certificates, and their sureties, to recover amount of penalty stated in bond for violation of the Liquor Tax Law. Motions that complaints be made more definite and certain and to strike out certain allegations, also that causes of action be separately stated. The allegations as to the maintenance of a disorderly place in each instance, appear to be proper in form, and if the defendants are entitled to further particularity as to the exact days, during the period specified, upon which the premises were maintained in a disorderly manner, relief should be had by motion for a bill of particulars. So far as it is alleged, however, that such maintenance of the premises was "in violation of

the Liquor Tax Law and a breach of the conditions of the bonds," the averments are irrelevant as the mere statement of a conclusion of law and should be stricken out. (*Village of Cortland* v. *Howard*, 1 App. Div. R., 131.) Where the complaints proceed upon sales of liquors the facts showing that the persons to whom the liquor was sold were persons to whom the defendant principal was not allowed to make such sales should be stated, and in these instances the statement that the sales were "in violation of" the particular restrictions should be stricken out. (Case last cited.) I can not hold that the several alleged violations of the Liquor Law, as set forth in the complaint, constitute separate causes of action. But one cause of action is alleged—the breach of the condition of the bond—and but one amount is recoverable by the plaintiff in these actions for one or for all of these violations, and the presence of several cumulative grounds for the breach of the condition of the bond does not render the complaint severable into more than one cause of action; and so it was ruled in *The State* v. *Davis* (35 Mo., 406), which was an action to recover upon a sheriff's bond, the complaint alleging several breaches thereof and in *Fiske* v. *Tank* (12 Wis., 276), where the plaintiff sought to recover for breach of a contract, alleging that the contract was broken in two respects and demanding damages for each breach.

Motion granted, so far as indicated, without costs.