Judgment reversed and complaint dismissed, with costs.

First Appellate Department, August, 1898. Reported. 33 App. Div. 130.

HENRY H. LYMAN, as State Commissioner of Excise of the State of New York, Appellant, *v.* BROADWAY GARDEN HOTEL AND CAFE COMPANY and FIDELITY AND DEPOSIT COMPANY of Maryland, Respondents.

Intoxicating liquor—Action on a bond given to secure a liquor tax certificate—When the complaint states but a single cause of action.

A complaint in an action on a bond given to the People of the State of New York to secure a liquor tax certificate, which avers a number of specific breaches of the various conditions of the bond, contains but a single cause of action.

APPEAL by the plaintiff, Henry H. Lyman, as State Commissioner of Excise of the State of New York, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 6th day of May, 1898, setting aside the plaintiff's complaint and granting him leave to serve an amended complaint.

The complaint is upon a bond given to secure a liquor tax certificate. The bond reads that the parties are held and firmly bound unto The People of the State of New York in the penal sum of $1,600. The condition is that, if the tax certificate is given unto the principal, he will not, to quote the precise language of the instrument, " while the business for which such Tax Certificate is given shall be carried on, suffer or permit any

25

gambling to be done in the place designated by the Tax Certificate in which the traffic in liquors is to be carried on, or in any yard, booth or garden appertaining thereto or connected therewith, or suffer or permit said premises to become disorderly, and will not violate any of the provisions of the Liquor Tax Law, or any act amendatory thereof or supplementary thereto; then this obligation shall be void; otherwise it is to be and remain in full force and effect to cover every violation of the Liquor Tax Law and all fines and penalties incurred or imposed thereunder. An action for the breach of any condition of this bond may be maintained without previous conviction or prosecution for violation of any provision of said Liquor Tax Law."

*Royal R. Scott,* for the appellant.

*James R. Soley,* for the respondent, Fidelity and Deposit Company of Maryland.

BARRETT, J. But one cause of action is alleged in the complaint. That cause of action is upon a single instrument to recover the sum named therein. The plaintiff has averred a number of specific breaches of the various conditions of this bond. These breaches, however, do not constitute separate causes of action. They are simply separate assignments of the specific breaches upon which judgment for the single sum is demanded. The defendant seems to think that the correctness of the order made below depends upon the question whether the amount in the bond is to be regarded as a penalty or as liquidated damages. This view is erroneous. It matters not whether the recovery be limited to the damages sustained by the various breaches alleged, or whether the sum named in the bond be treated as liquidated damages. In either aspect the cause of action is single. The action must not be confused with one to recover statutory penalties. It is upon the surety's contract to pay a specific sum of money. A right of action inures upon the breach of any one of the conditions of the bond. The cause of action is the same upon the breach of all the conditions. The recovery may, it is true, be greater or less, dependent upon the proper view of the sum specified. With that question we have at present nothing to do. Whether it be a penalty or liquidated damages, there is still but a single cause of action alleged in the complaint.

The order should, therefore, be reversed, with ten dollars costs and disbursements, and the motion denied, with ten dollars costs.

VAN BRUNT, P. J., RUMSEY, O'BRIEN and MCLAUGHLIN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.