CASE 110—ACTION OF COVENANT—DECEMBER 1.        |104  819
                                                 6117  136

# Deposit Bank of Midway's Assignee v. Hearne.

### APPEAL FROM WOODFORD CIRCUIT COURT.

1. BANKS—OFFICERS—REMOVAL OF.—Under the charter of a bank which provided that the stockholders should meet annually and oftener if required, and at their annual meetings should elect five directors, who should hold office for one year and until their successors were elected and qualified, with the further provision that the officers might be removed by the stockholders, the officers thus provided for were the directors and not the cashier and clerk who were chosen by the directory.

2. KNOWLEDGE BY DIRECTORY OF CLERK'S PREVIOUS DEFALCATION.—In an action against the surety in the bond of a bank clerk, an answer alleging that the clerk prior to the execution of the bond sued on had been guilty of embezzlement which fact was known to the directors or might have been so known, and being so known the directors held him out to the public as trustworthy, presented a good defense.

3. SAME.—Whenever the directors become aware of the embezzlement of a clerk or may become so by the exercise of slight care in making up reports and statements of the bank's condition they owe to the surety in his bond the duty of discharging the clerk and thus terminating the surety's further risk.

4. SAME—LIMITATION.—In an action on the bond of a bank clerk in the penal sum of $5,000, an answer alleging that the clerk had embezzled more than that amount more than seven years before the institution of the suit was not good. The bond ran with the service and the bank might waive any breach and sue for any succeeding breach.

D. L. THORNTON FOR APPELLANT.    (RICHARD GODSON OF COUNSEL.)

1. The clerk of the bank was not an officer of the institution, whose office was an annual one. Com. v. Wyman, 8 Met. (Mass.), 247.

2. Even though it be conceded that Stone was an officer, his surety was not released at the expiration of one year, if no successor was ever elected. Cassell v. Lex., H. & P. T. Co., 10

Deposit Bank of Midway's Assignee v. Hearne.

Ky. Law Rep., 486; Brandt on Suretyship and Guaranty, sec. 146; Chairman of School v. Daniel, 6 Jones Law (N. C.), 444; Thompson, Admr. v. The State, 37 Miss., 522; People, *ex rel,* Jones v. Beach, 77 Ill., 52; State, *ex rel,* Buenman v. Kurtzeborn, 78 Mo., 99; Savings Bank of Hannibal v. Hunt, 72 Mo., 597; State v. Berg, 50 Ind., 496; Sparks v. Bank, 9 Am. Law Register, 365; Am. & Eng. Enc. of Law, 17, p. 81.

3. The fraudulent concealment alleged did not bring this case within the principles declared in Graves v. Lebanon National Bank, 10 Bush, 23.

4. The action was not barred by limitation. The cases of Davis v. Brown (17 Ky. Law Rep., 1428), and Brown v. Houdlett, (10 Me., 399), are not analogous to the case at bar. Wood on Limitation, sec. 175; Kiefer v. Zimmerman, 22 Md., 274; Murfree on Official Bonds, sec. 785; Amott v. Holden, 16 Eng. L. & Eq. R., 142; Austin v. Moore, 7 Met. (Mass.), 116.

ED. M. WALLACE AND DAVIS & McLEOD FOR APPELLEE.

1. The clerk's appointment was an annual one and his surety was released after the expiration of a reasonable time for the qualification of a successor. Charter of the Bank, sec. 4; Com. v. Wyman, 8 Met. (Mass.), 247; Morse on Banks and Banking (2d ed.), 78.

2. Stone may have been a *de facto* officer and even a *de jure* one and still the surety not be bound. The latter's liability is limited to the year and a reasonable time thereafter for his successor to qualify. Mechem on Public Officers, secs. 282, 286; Ludlow v. Simond, 2 Caine's Cases in Error, 1; Thompson on Liability of Officers and Agents of Corporations, ed. 1880, 511; Am. & Eng. Enc. of Law, vol. 17, p. 70; Arlington v. Merrick, 2 Saunders, 411; Wardens of St. Savior v. Bostock, 2 Bos. & Pul., 175; Peppin v. Cooper, 2 Barn. & Adol., 431; Hassell v. Long, 2 M. & S., 363; Chelmsford v. Demarest, 7 Gray (Mass.), 1; Harris v. Bobbitt, 4 Dill., 185; County of Scott v. Ring, 29 Minn., 406; Mayor of Rahway v. Crowell, 11 Vroom, 207; State v. Lake, 45 La. Ann., 1207; State v. Powell, 40 La. Ann., 243; State v. Mann., 34 Vt., 37; Kingston Mut. Life Ins. Co. v. Clarke, 33 Barb., 196; Dover v. Twombly, 42 N. H., 59; State v. Lusk, 10 Mo., 338; State v. Crooks, 7 Ohio, part second, 221; Riddle v. School, 15 Kansas, 168; Manufacturers, &c. v. Odd Fellows, 48 Pa. St., 446; Mutual Loan Assn. v. Price, 16 Fla., 204; Wapello county v. Bingham, 10 Ia., 39; Welch v. Seymour, 28 Conn., 387;

Deposit Bank of Midway's Assignee v. Hearne.

Mayor v. Horne, 2 Harr., 190; Bigelow v. Bridge, 8 Met. (Mass.), 275; S. C. Society v. Johnson, 1 McC., 41; Ins. Co. v. Smith, 2 Hill, 589; King County v. Ferry (Wash.), 19 L. R. A., 500; Miller v. Stewart, 9 Wheat., 680; Hubert v. Mendheim, 64 Cal., 213.

3. Concealment of previous defalcations released the surety.  Graves v. Lebanon Nat. Bank, 10 Bush, 23.

4. Stone's bond being limited to a penal sum of five thousand dollars, fairly construed meant that he would from the day he began his duties after the execution of the bond be faithful and true in his office, and the surety thereon liable to the extent of five thousand dollars only for Stone's failure.  Whenever Stone's defalcation amounted to five thousand dollars, the. liability of the surety was fixed and the statute of limitations began to run.  Davis v. Brown, 14 Ky. Law Rep., 1428; Brown. v. Houdlett, *supra;* Williams v. Williams, 89 Ky., 381.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

One C. W. Stone was elected clerk of the Deposit Bank of Midway some time in the year 1872, and executed bond. for the faithful performance of his duties, with one Wiggins as his surety.  The surety died, and in 1883 Stone executed another bond of like character, with the appel-- lee, Hearne, as his surety.  No other election or appointment of Stone seems ever to have been made or other bond executed.  In 1891 he fled the country, it having been discovered that he and the cashier of the bank had used its money, and for years had been fraudulently concealing their transactions by false entries.  This suit was then instituted by the assignee of the bank against Hearne on the bond of 1883, but the court, holding that under the charter of the bank the term of office of the clerk was one year, dismissed the action.

The charter provided that the subscribers for stock in the proposed institution should meet, and elect five directors, who should be stockholders, and who should serve-- until the January following the election; and that annual meetings of stockholders should be held, and oftener if re--

quired. It is then provided "that the officers shall hold their offices for one year, and until their successors shall be elected, but may be removed by a majority at any regular or called meeting of the stockholders. The directors may choose one of their number as their president, may appoint a secretary, and such other officers as they may require, fix their compensation, prescribe their duties, and take bond and security for the faithful discharge thereof." The "officers" who are to hold their offices for one year, manifestly, are the same officers who "may be removed" by the stockholders at any regular or called meeting. The context shows this conclusively. The stockholders were to elect the directors, and the succeeding clause may be read thus: These officers shall hold their offices for one year, and until their successors shall be elected, but (they) may be removed by a majority of the stockholders, etc. The stockholders do not elect the clerk, nor do they have anything to do with his removal. The word "officers," in the sentence fixing the term at one year, means the directors, because these are the officers who might be removed by the stockholders. It is further provided that the directors may appoint a secretary, and such other officers as they may require, and take bond and security for the faithful discharge of their duties. Here we do not doubt is meant, not only a secretary as named, but teller, cashier, or clerk; and therefore the cashier, and the clerk as well, may not inappropriately be deemed officials, or officers, of the bank, within the meaning of the charter. The cashier and the clerk were the only officers from whom bonds were exacted. But, when we look to find the term of office of 'these persons or officers, the charter is altogether silent. We have seen they are not to be included within that class whose terms were to be one year, because it

can not be said with reason that the secretary, cashier, and clerk are in the class of persons or officers who are removable by the stockholders, and it is as to these latter that the limitation of one year is fixed as a term. We think, under the charter, the clerk held his place at the pleasure of the directory; and his bond was intended to, and does, hold good for his defalcations with respect to his official duties as clerk during his official life.

The first paragraph of Hearne's answer consists of a denial of the defalcation and failure of duty, and, of course, presents an issue. The second presents the defense that the office of clerk was an annual one, and, upon failure to renew the bond annually, the surety was discharged. The court below supposed this defense good, and, as it was fatal to the plaintiff's suit, the petition was dismissed. Our conclusion being otherwise, it becomes necessary to consider the remaining defenses.

The third paragraph is to the effect that, before the execution of the bond sued on, Stone, as clerk had already embezzled large sums as clerk, which fact was known to the directors, or might have been known; and, so known, they still held out and represented to the surety, Hearne, and to the public, that Stone was trustworty, etc. These averments seem to bring the case within the principle of law announced in Graves v. Lebanon Natl. Bank, 10 Bush, 33, and, if true, the surety is discharged.

The fourth paragraph presents a defense similar to the last. The petition and exhibits discover a defalcation of some $10,000 occurring after the execution of the bond, in 1883; but, as the covenant was in the penal sum of $5,000, a recovery for that amount only was sought, and the amount was alleged to have been embezzled within the statutory period of limitation, or within seven years be-

fore the institution of the suit, which date was May 2, 1889, and this paragraph avers knowledge on the part of the directors of large embezzlements by the clerk prior to May 2, 1889. The effect of the contention is that whenever the directory become aware of their clerk's embezzlements, or might have become so by the use of slight care, in making up their reports and statements of the bank's condition, then it became their duty to discharge him, and thus cut short the losses and hazard of the surety's undertaking. We are inclined to think, on the authority of the cases cited, that the plea is not demurrable.

The fifth paragraph is a plea of limitation, in the usual form, and may be considered in connection with the sixth and last paragraph, which pleads the statute and avers in substance that after the execution of the bond, and before the 2d day of May, 1889, the clerk had embezzled more than $5,000, the penal sum of the bond, and, as the cause of action therefor had accrued more than seven years before the suit, it was barred as to the surety, and the bank's cause of action was exhausted more than seven years before the suit was instituted. It seems to us, however, that the covenant of the bond ran with the service of the employe, and the bank might sue for each and every breach of duty, or might abandon any it desired, and prosecute other breaches. The case of Davis v. Brown, 17 Ky. Law Rep., 1428 [32 S. W., 614], does not apply. There it was held that, upon a verbal contract not to engage in a similar business, recovery from the party so agreeing might be had in one suit to include all damages, past and future, so that, in a suit for the breach, the first breach, the whole penalty or damage might be recovered; and hence, if the first breach is barred, the whole of the action is barred. We think the bond

Vol. 104].　SEPTEMBER TERM, 1898.　825

under consideration covers the faithful discharge of duties successively performed, or to be performed, in a series of years, as the service is performed, and a cause of action arises on each breach or omission to perform as the contract requires. The judgment is reversed for proceedings consistent with this opinion.