GEORGE E. GREEN, as State Commissioner of Excise, Respondent, *v.*. HENRY .F. PETERSEN, Appellant, Impleaded with Another.

Liquor Tax Law — action on bond of certificate holder for three violations of statute — the fact that action was not commenced within nine months after first violation does not bar action for two later violations.

Where the condition of a bond filed by a liquor dealer, with his application for a liquor tax certificate, provides that "the said principal * * *, while the business for which said liquor tax certificate is given, shall be carried on * * * will not violate the provisions of the Liquor Tax Law," and where it appears in an action on the bond for three separate violations of the statute (Liquor Tax Law, § 16; Cons. Laws, ch. 34) on different dates, that the action was not "commenced within nine months" after the cause of action for the first violation accrued, the action for this breach of the law is barred, but the remedy for the later breaches which occurred within that period survives. For the purpose of measuring the effect of the Statute of Limitations, the wrongs are distinct and severable.

*Farley* v. *Petersen*, 170 App. Div. 975, affirmed.

(Argued April 24, 1916; decided May 12, 1916.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered November 5, 1915, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

The nature of the action and the facts, so far as material are stated in the opinion.

*Paris S. Russell* and *John Ingle, Jr.,* for appellant. The action is barred by the limitation of nine months provided in section 16 of the Liquor Tax Law. (*People ex rel. Hill* v. *United Surety Co.*, 120 App. Div. 655, *Lyman* v. *Shenandoah*, 39 App. Div. 459; *Lyman* v. *B. G. Hotel Co.*, 33 App. Div. 130; *Brown* v. *Houdlette*, 10 Maine, 399; *Davis* v. *Brown*, 98 Ky. 475; *Losee* v. *Bullard*, 79 N. Y. 404; *Northrop* v. *Hill*, 57 N. Y. 351;

*Crowley* v. *Johnson,* 96 App. Div. 321; *Campbell* v. *Colon,* 56 App. Div. 591; *M. D. Bank* v. *Hern,* 104 Ky. 819.)

*Louis M. King* and *A. M. Sperry* for respondent. The defendant's liability did not cease upon the first violation ·of the bond, but continued to exist in accordance with the terms thereof during the life of said liquor tax certificate. (*Lyman* v. *Plymouth Social Club,* 1 L. T. R. 365; *People ex rel. Hill* v. *United Surety Co.,* 120 App. Div. 655; *Cullinan* v. *Fidelity & C. Co.,* 84 App. Div. 296; 177 N. Y. 573; *Cullinan* v. *Kuch,* 177 N. Y. 303; *Reed* v. *State,* 108 N. Y. 407; *Colrick* v. *Swinburne,* 105 N. Y. 503; *N. Assur. Co.* v. *Borgett,* 67 Neb. 283; *M. D. Bank* v. *Hern,* 104 Ky. 819; *Thayer* v. *Keyes,* 136 Mass. 104; *Bell* v. *Gibson,* 71 App. Div. 472; *Keafer* v. *Zimmerman,* 22 Ind. 274.)

CARDOZO, J. The action is on a bond filed under the Liquor Tax Law with the state commissioner of excise (Liquor Tax Law, § 16; Consol. Laws, ch. 34). The condition is that " the said principal * * *, while the business, for which said liquor tax certificate is given, shall be carried on, * * * will not violate any of the provisions of· the Liquor Tax Law, or any act amendatory thereof, or supplementary thereto." The charge is that the law was violated by the sale of liquor on Sunday, January 18, 1914, and again on Sunday, September 20, and Sunday, September 27, of the same year. This action was begun on December 7, 1914. The statute requires that such an action be commenced "within nine months after the cause of action has accrued" (Liquor Tax Law, § 16, as amended by L. 1911, ch. 223). December 7, 1914, is more than nine months after January 18, 1914, but less than nine months after September 20 and 27. The cause of action for the first breach has thus been barred. The question is whether the remedy for later breaches has survived.

We think that the bond was intended as a continuing

security; that each breach as it was committed gave rise to a separate cause of action; and that the loss through lapse of time of the remedy for one wrong has, therefore, no effect upon the remedy for the others (*Austin* v. *Moore,* 7 Metc. 116; *McKim* v. *Glover,* 161 Mass. 418, 421; *Thayer* v. *Keyes,* 136 Mass. 104; *Deposit Bank Co.* v. *Hearne,* 104 Ky. 819). The defendant refers to cases in which it has been held that, however numerous the breaches assigned in the complaint, the cause of action on such a bond is single and entire (*Lyman* v. *Broadway Garden Hotel Co.,* 33 App. Div. 130; *State* v. *Davis,* 35 Mo. 406). But there is nothing in those cases hostile to our conclusion. Causes of action divisible and separate as they arise, may, after they have arisen, coalesce, and, at least for some purposes, become inseparable and single. The rule against splitting a cause of action is an every-day example of that truth. The seller of goods may sue for each installment of the price as it matures; but if he waits till a later installment becomes due, he must combine all that are in default (*Secor* v. *Sturgis,* 16 N. Y. 548; *Perry* v. *Dickerson,* 85 N. Y. 345, 348; *Lorillard* v. *Clyde,* 122 N. Y. 41, 45). The landlord who sues for rent is subject to like restrictions (*Kennedy* v. *City of N. Y.,* 196 N. Y. 19). But the rule against splitting does not mean that because the remedy for one installment is lost through lapse of time, the remedy for later installments is also lost. The only penalty for omitting an installment which could have been included, is that it may not be sued upon again. It is in this sense that successive breaches of the same bond create a single cause of action. The remedy for one breach may slip by without prejudice to the remedy for others. For the purpose of measuring the effect of the Statute of Limitations, the wrongs are distinct and severable.

The judgment should be affirmed with costs.

WILLARD BARTLETT, Ch. J., HISCOCK, CHASE, COLLIN, HOGAN and SEABURY, JJ., concur.

Judgment affirmed.